### JOHN M. SAYEG v. THE STATE.

No. 13025. Delivered February 19, 1930.
Rehearing denied March 26, 1930.
Reported in 25 S. W. (2d) 865.

The opinion states the case.

*Tom Whipple* of Waxahachie, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, violation of Sunday law by keeping open a picture show and charging an admission fee; penalty, a fine of $35.00.

. The State's testimony sufficiently shows that the Grand Theater in Ennis, Ellis County, Texas, was kept open and operated on Sunday afternoon; that in front of the same at the time was a box for free will offerings into which some of the patrons of the show were shown to deposit money. There were some eight or ten dollars in the box. A man was out watching after the box. In front of the show was the sign:

"REGULAR ADMISSION
10c & 30c
TODAY YOUR FREE WILL OFFERING."

The prosecution is under Art. 286, P. C., which makes it an offense to keep open a place of public amusement on Sunday and which charges an admission fee. It is claimed that since no admission fee was charged and such fact being necessary to prove under the above statute, the State has failed to make out its case. Under a state of facts paralleling those shown here it was held that the method employed as detailed above was but a subterfuge and evasion of the law which would not be countenanced. McLeod v. State, 77 Tex. Crim. Rep. 365. See also notes to this case in L. R. A. 1916B, page 1124.

It is next contended that Art. 286 and 287, P. C., construed together grant special privileges to certain classes and are therefore unconstitutional; that under the terms of Art. 287, P. C., the keeper of a drug store may sell groceries, dry goods, etc., on Sunday, whereas a dry goods merchant is prohibited from so doing. A sufficient answer to this is that the article in question grants no such privilege to a druggist. This exact question was before the Court in the case of Searcy v. State, 40 Tex. Crim. Rep. 460, and answering a similar contention, Judge Henderson uses this language:

"In other words, he insists that the exemption from the operation of the law of keepers of drugstores, etc., is a personal exemption in favor of such citizens, and authorizes them to deal in goods, wares, and merchandise that other citizens are inhibited from dealing in. If this were a correct construction and interpretation of the law, his contention would be sound. But we do not so regard it. The exemption, as we construe it, is in favor of the article sold by the persons who deal in such articles; and it was not only competent for the Legislature to pass a Sunday law (Ex parte Sundstrom, 25

Texas Criminal Appeals, 133), but the Legislature was also authorized, under its police power, to exempt certain articles of merchandise as common necessities, the sale of which should not be forbidden by law. Drugs and medicines were very properly placed in this category, and the keeper of a drugstore is authorized to sell drugs and medicines, but not other goods that do not belong in this class."

Both of the above cases seem decisive of the questions raised by appellant and we follow them without comment.

It is insisted that the charge of the Court was erroneous, but if such alleged errors were timely presented in the trial, it is not made to so appear in the transcript. See Whitfield v. State, 104 Tex. Crim. Rep. 232; Vernon's C. C. P., Art. 666, Note 60.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—By the instructions of the court the jury were told in substance that if the appellant conducted a picture show on Sunday for the purpose of public amusement and placed a receptacle or box at the entrance for the purpose of receiving from those who, on entering the show, wished to contribute, and that such contributions were made, received and accepted by the appellant, the law was violated. Appellant insists that the charge was upon the weight of the evidence.

We find in the transcript a general exception to the charge, including the paragraph mentioned, in one paragraph of which it is stated that the charge is upon the weight of the evidence.

"In prosecutions for misdemeanor, errors in the charge, unless fundamental, must not only be excepted to, but special charges correctly presenting the matters complained of must be presented, and refusal excepted to and brought to the Court of Criminal Appeals by proper bills of exception." (Simpson v. State, 87 Tex. Cr. R. 277).

An exception to the general rule requiring a special charge occurs when the facts are such that the fault in the court's charge could not be corrected by a special charge. See Jones v. State, 20 S. W. (2d) 1067.

Appellant presented a general charge to the court which was refused upon the ground that it was embodied in the main charge, which seems to be true. We do not find any special charge prepared by the appellant which covers the transaction developed by the evidence embraced in the paragraph of the court's charge which is criticized. If, in the present case, it is the appellant's position that there should have been in the charge no reference to the alleged facts which the State claims amounted to a subterfuge, no special charge would have cured the supposed error. That the facts did call for an instruction on the subject of subterfuge is the view expressed by this court in the case of McLeod v. State, 77 Tex. Cr. R. 365 (rendered June, 1915) cited in the original opinion, in which we concur. Granting that the subject of subterfuge should have been embraced in the charge, this court cannot review the manner in which it was submitted in the absence of a presentation at the time of the trial of a special charge dealing with the subject in more appropriate language. In other words, if a charge on the subject was called for by the facts, it was incumbent upon the appellant not only to complain of the manner in which it was submitted but by a special charge to suggest to the court the manner in which it should be submitted.

Since the publication of the case of Searcy v. State, 40 Tex. Cr. R. 460, interpreting the Sunday law, the part of the statute referring to drug stores has been brought forward in the revision of the Penal Code of 1925 in the same language as that in which it was expressed at the time the Searcy case was written. It may be added that the court's view of the language that the right of owners of drug stores to sell merchandise on Sunday was limited to articles in the category of drugs and medicines is fortified by the statutory provisions with reference to pharmacists and pharmacies as contained in the Rev. Civ. Stat., 1925, Chap. 8, Title 71; also Art. 3762, Rev. Civ. Stat., 1895. In Webster's New International Dictionary, page 1618, a pharmacy is defined as "a place where medicines are compounded or dispensed; a drug store; an apothecary's shop."

The same assault upon the constitutionality of the law that is made by the appellant was before the court in 1888, in the case of Ex parte Sundstrum, 25 Tex. Cr. App. 160, at which time the Hon. W. L. Davidson, was Assistant Attorney General having charge of cases before the Court of Criminal Appeals. In making final disposition of the case, Judge Willson, speaking for the court, said:

"Applicant, by his counsel, filed a motion for rehearing, accompanied by an able and elaborate brief and argument, assailing the

constitutionality of the law under which the applicant was being prosecuted, to wit, article 186 of the Penal Code. . . . The Assistant Attorney General has filed a brief and argument in which he has fully, and to our minds, satisfactorily and conclusively answered the propositions, arguments and authorities advanced by counsel for the applicant. He has cited and reviewed the decisions bearing upon the questions, and we find upon examination that his conclusions are fully supported by the authorities. It would be a useless consumption of time on our part to enter upon a discussion of the questions involved, which discussion would be necessarily lengthy, when they have been so ably and exhaustively discussed by the Assistant Attorney General. We shall therefore content ourselves by referring to and adopting his brief as our opinion in this case. The motion for rehearing is overruled."

Since then attacks upon the law as unconstitutional have been overruled. See Vernon's Ann. P. C., 1925, Vol. 1, p. 173, and cases collated.

The appellant's motion for rehearing is overruled.

*Overruled.*