**FAMOUS DEPARTMENT STORE et al.,**
**Appellants,**

**v.**

**STATE of Texas, Appellee.**

**No. 7270.**

Court of Civil Appeals of Texas.

Amarillo.

May 27, 1963.

Clinton & Shelton, Boling & Griffith, Lubbock, for appellants.

Fred E. West, Lubbock, for appellee.

CHAPMAN, Justice.

A temporary injunction granted the State of Texas to prohibit the violation of Article 286a, Vernon's Annotated Penal Code, commonly known as the Blue Sky Law, constitutes the subject matter of this suit.

"The Famous", "Warehouse Sales", Sadallah Moses, Angelina Moses, and Naoum I. Mousa, their officers, agents, servants, employees and attorneys were enjoined from "maintaining or running or engaging in the selling of clothing, clothing accessories, wearing apparel, footwear, and headwear on successive Saturdays and Sundays and from operating each named store, both named stores, or each named store alternately on two consecutive days of Saturdays or Sundays." Appeal is perfected by Mr. and Mrs. Moses and by Naoum I. Mousa from such order upon four points of error, the first of which is that the relief granted by the temporary injunction was the total relief that could be granted upon a trial on the merits and therefore was improper.

That the purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit pending a final trial of the case is without controversy in this suit. That appears to be a general principle of law. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549; Lowe and Archer, Texas Practice, Sec. 328 Injunction, Page 340. "The 'status quo' to be preserved by temporary injunction is 'the last, actual, peaceable, noncontested status which preceded the pending controversy.'" Transport Co.

of Texas v. Robertson Transports, Inc., supra.

The Fort Worth Court of Civil Appeals has held that even if the preservation of the status quo should accomplish the objective of the suit this is, nevertheless, as it should be, for no man may engage in acts in violation of statutory law. Rattikin Title Company v. Grievance Committee, Tex.Civ.App., 272 S.W.2d 948, 955 (NWH). The El Paso intermediate court, in a usury case, held the status quo is that created by the law which fixes the maximum interest rates and prohibits usury. Gifford v. State, Tex.Civ.App., 229 S.W.2d 949 (NWH). Under the same reasoning then we would have to say the status quo in our case is that created by the law which prohibits a place of business such as the Famous Store from opening on successive days of Saturday and Sunday for general business operations.

This then brings the question of whether the evidence is sufficient to support the State's contention that the transfers made by Mr. and Mrs. Moses were invalid as an effort to circumvent the so-called Blue Sky Law and that both stores were actually one store owned by Mr. and Mrs. Moses.

The record shows Mr. Moses owns the building occupied by both "The Famous" and "Warehouse Sales"; that after Article 286a, Vernon's Ann.Penal Code, became effective Mr. Moses transferred by bill of sale the "Warehouse Sales" merchandise to his wife, Angelina Moses, and continued to operate it on Saturday while "The Famous" was closed on Saturday and operated on Sunday; that after two criminal violations were filed on him his wife joined by him transferred "Warehouse Sales" to his brother, Naoum I. Mousa, who lived in Brownfield and worked five days each week as a mechanic for Good Pasture Grain Company; that Mr. Mousa did not know any of the brand names of the merchandise he purportedly owned; that a sign, "The Famous", covered both stores as a unified front; that Mr. Moses had been observed

during the week bringing merchandise from "Warehouse Sales" to "The Famous"; that Mr. Mousa did not have knowledge of withholding taxes or social security; and that all merchandise in "Warehouse Sales" came from and through Mr. Moses and he took care of payment of withholding taxes and social security. Mr. and Mrs. Moses sought to justify all those situations by the fact that his brother did not understand the language, that he was simply trying to help him, and that he, Mr. Moses, was both a wholesaler and retailer.

"Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. * * * There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it." Transport Co. of Texas v. Robertson Transports, Inc., supra.

■ The trial judge had all the matters above related, and more, before him and had the opportunity to observe the witnesses and decide if they were telling the truth or not in connection with the operation of "The Famous" and "Warehouse Sales". It is obvious he decided appellants were not telling the truth. If he did not believe appellants Moses were actual owners of only "The Famous" and that Mr. Mousa actually owned "Warehouse Sales" then there were sufficient facts and circumstances for him to conclude the procedures they followed were for the purpose of circumventing Article 286a, Vernon's Ann.Penal Code. Having done so, we cannot say he abused his discretion. There is evidence to support both the theories of appellants and appellee "but under such circumstances we are bound by the weight and construction given by the trier of the facts * * *." Willbanks v. Montgomery, Tex.Civ.App., 189 S.W.2d 337 (refused WM).

The next point urged is that the pleadings of the State of Texas were insufficient as a matter of law.

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562. The Bednarz case also cites and quotes Rule 90 Vernon's Annotated Texas Rules, wherein it says: "Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a nonjury case, before the rendition of judgment, shall be determined to have been waived by the party seeking reversal on such account."

■ It is obvious from reading the record that the case was tried on the theory that Mr. and Mrs. Moses owned both stores and that "Warehouse Sales" was transferred to his brother's name simply for the purpose of evading the law. Under the authority just quoted we believe appellants cannot complain for the first time on appeal of their contentions of insufficiency of the pleadings.

By their fourth and last point appellants contend the order of temporary injunction was not sufficiently specific in its terms.

■ In its order the court made a specific finding, in accordance with the penal statute, Article 286a, that unless the injunction issued there was danger of injuring the health, recreation, and welfare of the people of the state and county by the selling of the named merchandise on successive Saturdays and Sundays and from operating each named store, both named stores, or each named store alternately on two consecutive days of Saturdays or Sundays contrary to the penal statute named. As stated above, the entire case was tried on the theory that the two stores are one and are owned by

Mr. and Mrs. Moses. The judgment enjoined appellants from operating the two stores, which the court obviously found was actually only one store, on both Saturday and Sunday consecutively. When we take these facts into consideration, we believe the order was a sufficient compliance with Rule 683, Vernon's Annotated Texas Rules.

Had the court found in favor of appellants, we also believe there would have been sufficient evidence to sustain such a finding, but under the rules above stated, we believe we do not have authority to say the court abused its discretion. Accordingly, the judgment is affirmed.