**The STATE of Texas et al., Appellants,**

v.

**LEONARD'S STORES, INC. et al., Appellees.**

No. 15600.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Jan. 15, 1970.

Rehearing Denied Feb. 5, 1970.

Carol S. Vance, Dist. Atty., Neil McKay, First Asst. Dist. Atty., James C. Brough, Asst. Dist. Atty., Wm. A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Houston, for appellants.

Barbara C. Jordan, Dow, Cogburn & Friedman, Edmund L. Cogburn, Houston, for appellees.

COLEMAN, Justice.

This is a suit to enjoin appellees from maintaining a public nuisance as defined by Section 4, Article 286a, Vernon's Ann. Texas Penal Code, relating to offering for sale or selling certain articles of merchandise on both the two consecutive days of Saturday and Sunday. The trial court denied a temporary injunction.

The case was tried on stipulations of fact establishing that certain retail stores owned by appellees offered for sale and sold certain merchandise named in Section 1, Article 286a, on both the two (2) consecutive days of Saturday and Sunday throughout the months of December, 1968, and January, 1969, and that these stores continued this course of conduct up to the time of trial.

Article 286a, Texas Penal Code, reads:

"Section 1.—Any person, on both the two (2) consecutive days of Saturday

and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any clothing * * * shall be guilty of a misdemeanor. * * *

* * * * * *

"Section 4.—The purpose of this Act being to promote the health, recreation and welfare of the people of this state, the *operation* of any business whether *by any* individual, partnership or *corporation contrary to the provisions* of this Act is declared to be a public nuisance and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of the Act. Such proceedings shall be guided by the rules of other injunction proceedings." (emphasis added.)

There is no evidence that any natural person sold or offered for sale a prohibited item on consecutive days of Saturday and Sunday. There is no evidence that appellees compelled or obliged its employees to sell or offer for sale any of the prohibited items. Appellees say that in the absence of some such evidence appellants have failed to prove that the business was operated contrary to the provisions of the Act, and, therefore failed to show that appellees were maintaining a public nuisance.

The stipulated facts show that in the operation of the businesses by the corporate entities prohibited goods were offered for sale and were sold on both the two consecutive days of Saturday and Sunday. Section 4 of Art. 286a declares that the "operation of any business" by a corporation in a manner "contrary to the provisions of this Act" is a public nuisance. The facts show that for about a year the corporations sued have operated businesses in the conduct of which articles of merchandise listed in Sec. 1 of Art. 286a have been offered for sale continuously by their employees on the two consecutive days of Saturday and Sunday of each week. It follows that the operation of the busi-

nesses in such a manner as to constitute a public nuisance under Sec. 4, Art. 286a has been established by uncontradicted evidence. Hill v. Gibson Discount Center, 437 S.W.2d 289 (Tex.Civ.App.—Amarillo 1969, writ refused, n. r. e.).

Appellees contend that the trial court properly denied the application for temporary injunction because there was no evidence of irreparable injury either to the City, the State or their residents and citizens.

In State of Texas v. Spartan's Industries, Inc., 447 S.W.2d 407 (Tex.1969), the Court upheld Art. 286a, Texas Penal Code, against attacks based on several Constitutional grounds. In the opinion the Court stated:

"It is true that the Legislature may not validly declare something to be a nuisance which is not so in fact, but that depends upon the question of whether that which is declared to be a nuisance endangers the public health, public safety, public welfare, or offends the public morals. * * *"

The Court held that the provisions of the Act defining the public nuisance and authorizing its abatement by injunction were validly enacted under the police power of the State.

The legislature has declared that the purpose of the Act is to promote the health, recreation and welfare of the people of this State, and the Supreme Court of this State has determined that this Act is validly related to the accomplishment of this purpose. A violation of the Act constitutes a public wrong. Irreparable injury is shown by proof of such violation. The public is the injured party, and the damage resulting from the maintenance of the nuisance cannot be measured by any certain pecuniary standard. The injury is of such a nature that the injured party cannot be adequately compensated in damages. Lowe and Archer, Injunctions and

Other Extraordinary Proceedings, § 314, pp. 319–322.

The trial court erroneously applied the law to the undisputed facts in denying the application for a temporary injunction. The judgment is reversed and the cause is remanded with the instruction that the temporary injunction be granted.