**RALPH WILLIAMS GULFGATE CHRYS- LER–PLYMOUTH, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

**No. 15617.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 19, 1970.

Rehearing Denied March 12, 1970.

See also Tex., 449 S.W.2d 139.

Firman A. Hickey, Jr., C. O. Ryan, Houston, for appellant, Daniel E. O'Connell, Kelley, Ryan & Merrill, Houston, of counsel.

Carol S. Vance, Dist. Atty., Neil McKay, First Asst. Dist. Atty., James C. Brough, Asst. Dist. Atty., William A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from an order granting a temporary injunction against the

offering for sale or selling by appellant on consecutive days of Saturday and Sunday of any of the items of merchandise (including automobiles) listed in Section 1 of Article 286a of the Penal Code except under the circumstances permitted by Section 2 of said article.

The primary question is the construction to be given Sections 1 and 4 of Article 286a of the Texas Penal Code, which read:

"Sect. 1—Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any clothing * * * shall be guilty of a misdemeanor. * *

"Sect. 4.—The purpose of this Act being to promote the health, recreation and welfare of the people of this state, the *operation* of any business whether *by any* individual, partnership or *corporation contrary to the provisions* of this Act is declared to be a public nuisance and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of the Act. Such proceedings shall be guided by the rules of other injunction proceedings." (emphasis added.)

It is stipulated that appellant has offered for sale and has sold automobiles on Saturday, the 18th day of October, 1969, and on Sunday, the 19th day of October, 1969, and on each Saturday and Sunday thereafter to the date of the trial, and that appellant will continue this conduct unless restrained by law. It is also stipulated that appellant has used and maintained a separate and distinct group of personnel to man its store on Saturdays and Sundays and that at no time has personnel who have worked on Saturday worked on the next successive Sunday.

The thesis is advanced by appellant that since no natural person was guilty of acts constituting a violation of Section 1 of Article 286a, and since the word "person" used in Section 1 does not include corporations,

the corporation cannot be held to have been operating its business contrary to the provisions of Article 286a so as to subject itself to injunctive proceeding as a nuisance by reason of Section 4 of that article.

The Supreme Court of Texas, in State v. Spartan Industries, Inc., 447 S.W.2d 407 (Tex.1969), declined to consider the question of whether Section 1 of Article 286a, prohibiting consecutive day sales by "any person", must be construed to apply only to natural persons and not to corporations. We consider it unnecessary to decide this question. If it were settled that "any person" includes corporations within its meaning, the point advanced by appellant would have no basis since appellant obviously was offering for sale named items on the consecutive days of Saturday and Sunday.

If "any person" was not intended to include corporations, nevertheless we consider that Section 4 authorizes the injunction issued in this case. It declares "the operation of any business whether by any individual, partnership or corporation contrary to the provisions of this Act" to be a public nuisance. Section 1 provides that any person, who sells or offers for sale or obliges his employees to sell, on the consecutive days of Saturday and Sunday, certain named products is guilty of a misdemeanor. If "any person" as used in Section 1 does not include corporations, the corporation does not violate the act, construing it literally, if employees of the corporation sell or offer for sale the named merchandise. The employee, rather than the corporation, would violate the act. Certainly such an interpretation of the act would read the words "partnership or corporation" out of the act entirely. Obviously this interpretation would not effectuate the purpose of the legislation, and cannot be considered a reasonable interpretation.

It might be considered that the legislature intended to declare the operation of a business in the course of which the employees violated the act to be a nuisance. This is not the only reasonable interpreta-

tion required by the language of the act even if the legislature by use of the words "contrary to the provisions of the Act" meant "in violation of the Act."

■ We adopt the interpretation of the act which will best effectuate the purpose of the act. In State v. Spartan's Industries, Inc., supra, the Supreme Court of Texas found that the "principal plan" of the statute "is to close mercantile establishments and department stores on Sunday." It stated:

> "The most important feature of Article 286a, in practical effect, is Sec. 4 which authorizes an injunction to enforce the prohibition of the statute. Without this provision, the sanction of Article 286 is a fine of no more than $50. That sanction is not effective for the considerations of large businesses and busy prosecutors. Defendants plead that this injunction is an attempt to prevent them 'from remaining open on Sundays.' Indeed, that is the effect of the statute and the intent of the injunction suit. Without Article 286a the Sunday sale of all of these commodities would be prohibited by Article 286, and the defendants would be in violation of that law were they then to engage in the activities which they would protect by appeal to the Constitution. Apparently they are not seriously troubled by the prohibitions of the law in the absence of the injunctive process.
>
> "* * *
>
> "The objective of one day a week surcease from commerce is served by this statute. That surcease has never been unanimous, for exceptions are always allowed. The Legislature was entitled to expect that Article 286a would yield Sunday operations only by Sabbatarians and perhaps an occasional small storekeeper.
>
> "* * *
>
> "* * * However, the clear majority of the cases uphold statutes against such attack so long as the statutory scheme, viewed as a whole, is a valid

one and so long as it treats all merchants alike without discriminating among competitors. * * *"

■ It is clear, we think, that a business under individual ownership, which remains open both Saturday and Sunday, offering for sale the items of merchandise named in Sec. 1 of the statute, would violate Section 1 and would be subject to injunction under Section 4 even if the employees working in the establishment on Saturday were completely replaced by different employees on the following Sunday. Individual owners would be discriminated against if a business owned by a corporation was not subject to injunction under the same conditions. It is a matter of common knowledge today that most large business enterprises are conducted by corporations. The businesses involved in State v. Spartan's Industries, Inc., were corporations. While the question under consideration here may not have been directly presented in that case, it seems that the court assumed that Sec. 4 applied to corporations under the same conditions as to businesses individually owned.

■ We consider that the legislature intended, by use of the words "the *operation* of any business *whether* by any individual, partnership or corporation *contrary to the provisions of this Act*" (emphasis added), to provide that the type of ownership under which the business is conducted is immaterial; and thus intended that the operation of a business in such a manner as to constitute a violation of the act, in the case of individual ownership, would, in the case of corporate ownership, constitute the operation of a business "contrary to the provisions of the [Act]." Hill v. Gibson Discount Center, 437 S.W.2d 289 (Tex.Civ. App.—Amarillo 1968, ref., n. r. e.); The State of Texas et al. v. Leonard's Stores, Inc., et al., 449 S.W.2d 851 (Tex.Civ.App.— 1st Dist., Houston 1970), No. 15,600, opinion filed January 15, 1970.

■ Appellant contends that the injunction was improperly entered because

there was no showing that there was no adequate remedy at law, no threatened or actual irreparable injury; and because there was no balancing of the equities. These points are denied. This is an appeal from a temporary injunction. Appellees have presented a case of probable right and probable injury. The trial court did not clearly abuse its discretion by granting the injunction. Since the business is being operated in such a manner as to constitute a public nuisance as a matter of law, there can be no balancing of the equities. The injunction preserves the status quo. Famous Department Store v. State of Texas, 371 S.W.2d 76 (Tex.Civ.App.—Amarillo 1963). There is evidence to sustain an implied finding of no adequate remedy at law and of irreparable injury. The State of Texas v. Leonard's Stores, supra.

Another point presents a claim that appellant is being deprived of certain rights under the Constitution of the State of Texas and of the United States. These contentions were considered by the Supreme Court in State v. Spartan's Industries, Inc., supra, and cannot be sustained because of that decision.

Affirmed.