SUNDACO, INC., et al., Appellants,

v.

STATE of Texas et al., Appellees.

No. 4396.

Court of Civil Appeals of Texas, Eastland.

Sept. 18, 1970.

Rehearing Denied Dec. 11, 1970.

Second Rehearing Denied Feb. 12, 1971.

See also, Tex.Civ.App., 445 S.W.2d 606.

Berman, Fichtner & Mitchell, Harold Berman, Dallas, Schulz, Hanna & Burke, Bob Hanna, Abilene, for appellants.

Whitten & Butler, Don Butler, Ben Niedecken, City Atty., Ed Paynter, Dist. Atty., Abilene, for appellees.

COLLINGS, Justice.

The City of Abilene brought this suit against Sundaco, Inc., Landau Stores, Inc., Cook United, Inc., and Jerry Brown, alleging a violation of Article 286a of the Vernon's Ann.Texas Penal Code and seeking injunctive relief. Sundaco, Inc. will hereafter be referred to as Sundaco and appellants, M. N. Landau Stores, Inc. and Cook United, Inc., will be referred to as Clark's. Upon a trial before the court, by stipulations, admissions, interrogatories and testimony given in another case, the court concluded that there was an arrangement between Sundaco and Clark's whereby Clark's entered into a lease or contract with Sundaco providing that for a stated consideration Sundaco would lease from Clark's a certain premise in Abilene beginning on Saturday night at 11:59 P.M. and expiring at midnight of the following Sunday; that at the beginning of such period Sundaco would buy from Clark's all the goods, wares and merchandise owned by Clark's at such location with the option to return same to Clark's at the end of the period upon certain circumstances and conditions. The court further found that such lease or contract was a subterfuge; that Sundaco serves as a conduit for Clark's; that Sundaco is the alter ego of Clark's; that for the purpose of Sunday sales, Sundaco is an agent of Clark's and that Sundaco and Clark's have entered into collusion for the purpose of evading Article 286a. Based upon such findings and conclusions, the court granted an injunction against defendants preventing them from selling or offering for sale through any type of lease or sale and return agreement, or compelling, forcing or obliging their employees to sell certain named items on two consecutive days of Saturday and Sunday, or engaging in any type of operation to accomplish such purpose. The defendants have appealed.

Article 286a, Texas Penal Code, as effective August 28, 1967, provides that:

"Section 1. Any person, on both the two (2) consecutive days of Saturday and

Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell (certain named items) shall be guilty of a misdemeanor."

"Sec. 4. The purpose of this Act being to promote the health, recreation and welfare of the people of this state, the operation of any business whether by any individual, partnership or corporation contrary to the provisions of this Act is declared to be a public nuisance and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of this Act. Such proceedings shall be guided by the rules of other injunction proceedings."

"Sec. 5a. It is the intent of the Legislature that Articles 286 and 287 of the Penal Code of Texas are not to be considered as repealed by this Act; provided, however, that the provisions of said Articles shall not apply to sales of items listed in Section 1 of this Act which are forbidden to be sold on the day or days named in this Act. Acts 1961, 57th Leg., 1st C.S., p. 38, ch. 15, eff. Nov. 7, 1961."

In numerous points appellants contend that the court erred in concluding that the lease and contract between Sundaco and Clark's was a subterfuge, and that appellants entered into such lease and contract in collusion for the purpose of evading the provisions of Article 286a; that the court erred in concluding that the combined operation of appellants constitutes an operation of the same business; and that Sundaco was acting as an agent and as a conduit for Clark's in selling Clark's merchandise on Sunday; that the court erred in finding that appellants' conduct and actions constituted a nuisance, and that the court violated appellants' rights in granting the injunction from which this appeal is taken. These points are overruled. The following facts and circumstances as shown in the record support the conclusions and findings of the court.

Prior to the amendment of Article 286a effective as of August 28, 1967, Clark's was engaged in selling from its Abilene store all or a portion of those articles enumerated in the statute seven days per week. The amended statute made it impossible for Clark's to operate its Abilene store on consecutive Saturdays and Sundays.

Sundaco, Inc. was incorporated on August 21st, 1967. Its stockholders are Aaron Bloom, who is President of Sundaco, and Vice President and Treasurer of Clark's; Gary Levitz, who is Treasurer of Sundaco, as well as the Registered Agent for Service and the son of the President of Levitz Furniture Company of Dallas, Inc., previously an Intervenor in this case. Jay S. Fichtner, whose firm is Attorney of Record for appellants, and George Hanzi are also stockholders. On August 29th, 1967, the gross assets of Sundaco, Inc. were Four Thousand Five Hundred Dollars ($4,500.00). It has never had any outlets for the sale of merchandise at a retail level, except those outlets "leased" from Clark's and other stores for Sunday operations only.

Prior to the amendment of Article 286a, Clark's had continuously operated its Abilene store seven days each week, and had never made any arrangements to sublease the store to another party for a short interval; nor had Clark's entered into an agreement to sell its entire stock of merchandise, with the purchaser having the right to return same after one day. On August 29th, 1967, Sundaco, Inc. entered into the so called "lease" and "Contract of Sale or Return" wherein it was recited that Sundaco proposed to open a department store operation on Clark's premises on September 3, 1967, and sell goods, wares and merchandise on each Sunday thereafter, and which lease, in form, provides that Sundaco, Inc. "leases" such store each Sunday, and "buys" all merchandise from Clark's, at 11:59 P.M. on each Saturday, with an option to return the merchandise not sold on the next day. Such "Con-

tract of Sale or Return" does not set a value on the stock of merchandise in Clark's store, but merely provides that Sundaco will pay Clark's seventy-five percent (75%) of its gross sales during Sundaco's Sunday only operations. Sundaco has no record of the value of the merchandise in the Clark's store, which it purports to purchase, nor does it take any physical inventory of such merchandise. Sundaco does not "sell" any merchandise except on Sunday, and then, only that "received" from Clark's or others under similar arrangements. In connection with sales of the entire stock of merchandise in a store, Sundaco and Clark's do not follow the procedures provided for in the Bulk Sales Act or Article 5.10 of the Texas Business Corporation Act, V.A.T.S.

At the Abilene store in question, two (2) large signs have remained in place at all times, including Sundays, identifying the place of business as "CLARK'S". All newspaper advertising done by Sundaco has asserted it to be "Exclusive Lessee of CLARK'S". Prior to August 29th, 1967, and until the latter part of December, 1967, when pleadings in this case brought it to Appellants' attention, two signs were in place on the front of the store in question seven (7) days a week, saying "Open Sunday 12:00 to 6:00 P.M." There is no indication that any change has been made in the arrangement of merchandise for Sundaco's Sunday only operations, and, from outward appearances, it remains the same seven (7) days per week. In its operations, Sundaco has used various articles from Clark's stock of supplies. The procedure for answering the telephone at the store on Sundays (same telephone number) is "Sundaco, Exclusive Lessee of Clark's". Appellants' local manager admits he has never heard a business phone answered in this fashion. Merchandise is sold on Sunday by Sundaco at the same price it is sold the other six days of the week by Clark's except for special Sunday sales. The evidence indicates that Sundaco has made a state wide effort to hire the same store managers and the same employees as are employed by Clark's. The same person serves as store manager for both Sundaco and Clark's at the Abilene location. A comparison of the lists of employees of Clark's and Sundaco shows that only one person is an employee of Sundaco who is not also an employee of Clark's Abilene store. Apparently, even that employee is employed by some other franchisee or sublessee of Clark's in the same building. Sundaco admits that all its employees are either employed by Clark's or some other occupant of the Abilene store on the 18th day of January, 1968. Such employees sell all, or a portion of, those items enumerated in Article 286a on the two consecutive days of Saturday and Sunday. Those employees of Sundaco, who wear smocks, wear the same smocks which they usually wear while working for Clark's. The Sunday store hours, during the Sundaco operation, are the same as Clark's Sunday store hours prior to such arrangement. Appellants have stipulated that they will continue to follow such procedure in the future.

It was immediately after the amendment of Article 286a which made it unlawful for Clark's to operate its Abilene store, selling the prohibited articles on both Saturdays and Sundays, that Clark's entered into the lease and sales contract with Sundaco, providing for Sundaco to do that which Clark's was prohibited by the statute from doing, that is, to operate Clark's Abilene store and sell the prohibited articles on Sundays while Clark's was selling such articles on Saturdays. The record supports the conclusion that Sundaco and Clark's operate the same business at the same place by the same people seven days each week and sell the prohibited items on both Saturdays and Sundays. The lease and sales contract entered into between corporations ostensibly indicates a legal operation by Sundaco alone of a business on Sunday. In our opinion, however, the conclusions and findings of the court that such apparent Sunday operation by Sundaco is a subterfuge and the judgment based

thereon are supported by the record. Facts and circumstances which are particularly persuasive in this connection are: (1) the timing of the initiation of the Sundaco scheme; (2) the fact that Sundaco's officers, directors and employees are substantially the same as Clark's; (3) that Sundaco operates the same business at the same place on Sunday that Clark's operates on the other six days of the week, and prior to the amendment of Article 286a had operated seven days per week; (4) and that no reason is shown for such an unusual operation other than the fact that it is unlawful for Clark's to sell the articles in question at their place of business on both Saturdays and Sundays.

A mere device or subterfuge to evade the law is looked upon with disfavor by courts. Sayeg v. State, 114 Tex.Cr.R. 153, 25 S.W.2d 865 (1930). It is held that in determining whether an individual or corporation is operating in a legal manner, a material consideration is whether there is a bona fide business purpose for such operation. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596. It is held that courts will look through the form to the substance of the relations between corporations and will disregard the fiction of corporate identity if it is used to circumvent the statute or as a mere tool or business conduit. Wilson Finance Co. v. State, 342 S.W.2d 117 (Tex.Civ.App. 1960, no writ history); Continental Supply Company v. Forest E. Gilmore Co., 55 S.W.2d 622 (Tex. Civ.App.1932, writ dis.); Beneficial Finance Company of Midland v. Miskell, 424 S.W.2d 482 (Tex.Civ.App 1968, writ ref. n. r. e.); Consumers Discount Corp. v. State, 352 S.W.2d 466 (Tex.Civ.App. 1961, writ ref. n. r. e.). The efforts made by appellants to inform the public that Clark's is still in business on Sunday while purporting to go through a weekly sublease and transfer of stock is likewise persuasive in support of the court's findings and judgment.

Contrary to appellants' contention in their 13th and 14th points the court correctly held that Article 286a authorizes the injunctive relief against either corporations or natural persons. Hill v. Gibson Discount Center, 437 S.W.2d 289 (Tex. Civ.App. 1968, ref. n. r. e.); State v. Leonard's Stores, 449 S.W.2d 851 (Tex. Civ.App. 1970, ref. n. r. e.); Levitz Furniture Company, Inc. v. State, 450 S.W.2d 96 (Tex.Civ.App. 1970, writ ref. n. r. e.); Ralph Williams Gulfgate Chrysler-Plymouth v. State, 451 S.W.2d 267 (Tex.Civ. App. 1970, ref. n. r. e.). We also overrule appellants' contention that Article 286a is unconstitutional. State v. Spartan's Industries, Inc., 447 S.W.2d 407 (Tex.1969, dismissed by 397 U.S. 590, 90 S.Ct. 1359, 25 L.Ed.2d 596 for want of a substantial federal question).

The judgment is affirmed.

### On Motion for Rehearing.

Appellants contend in the first point of their motion for rehearing that we erred in looking only to the evidence referred to by appellees as supporting the judgment in consideration of appellants' points of error complaining of the insufficiency of the evidence. Appellants do not designate the points which they consider to question the sufficiency of the evidence. We have again examined appellants' points and argument thereunder and the points urged in their motion for rehearing. We find that all, or practically all, of such points are unquestionably "no evidence" points. If some of the points do complain of the insufficiency of the evidence, as appellants apparently contend, we have examined the entire record and find that the evidence considered as a whole is sufficient to support the judgment and the findings upon which the judgment is based.

Appellants' motion for rehearing is overruled.

### On Second Motion for Rehearing.

In appellants' second motion for rehearing it is contended that this cause should

**533**

be reversed and remanded with instructions to dismiss because appellee, The State of Texas, is estopped by final judgment of the 161st Judicial District Court of Ector County with regard to its allegations against appellants. The point is overruled.

The operation of a judgment as an estoppel extends only to matters determined expressly or necessarily involved in a previous action between the same parties. There must also be identities of subject matter and causes of action; 34 Tex.Jur.2d Judgments, page 597 et seq. In the instant case, neither the City of Abilene nor M. N. Landau Stores were parties to the Ector County suit. There was neither identity of parties or of causes of action.

Appellants' points have all been considered and are overruled.