**GIBSON PRODUCTS COMPANY, INC., et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

No. B-5782.

Supreme Court of Texas.

Dec. 22, 1976.

Rehearing Denied Jan. 19, 1977.

Leo C. Michaud, Bardwell D. Odum, Dallas, for appellants.

Henry R. Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, John L. Hill, Atty. Gen., David M. Kendall, Jr., Asst. Atty. Gen., Austin, for appellee.

REAVLEY, Justice.

We have here another attack upon the constitutionality of the Sunday (or Saturday) closing law. The trial court enjoined appellants from selling or offering for sale, on consecutive Saturdays and Sundays, the merchandise enumerated in the statute; a direct appeal was then taken to this Court under Art. 1738a, Vernon's Ann.Tex.Civ. Stat.

The sole contention is that the closing law is unconstitutional. The law is now Art. 9001, Vernon's Ann.Tex.Civ.Stat. It was formerly Art. 286a of the Penal Code; when the new Penal Code was enacted in 1973, this particular law was transferred intact to the civil statutes. It has often been upheld as constitutional against the same equal protection and due process arguments as are repeated here. *State v. Spartan's Industries, Inc.,* 447 S.W.2d 407 (Tex.1969), dismissed for want of a substantial federal question, 397 U.S. 590, 90 S.Ct. .1359, 25 L.Ed.2d 596; *Ralph Williams Gulfgate Chrysler Plymouth, Inc. v. State,* 466 S.W.2d 639 (Tex.Civ.App.1971, writ ref'd n.r.e.); *Sundaco, Inc. v. State,* 463 S.W.2d 528 (Tex.Civ.App.1970, writ ref'd n.r.e.); *Levitz Furniture Co. v. State,* 450 S.W.2d 96 (Tex.Civ.App. 1969, writ ref'd n.r.e.).

Appellants point to the 1973 repeal of the Penal Code provisions (Arts. 283–287) which broadly prohibited labor and sales on Sunday, leaving only Art. 9001 as the constraint against sales on Saturday *and* Sunday. They argue that this bare constraint has no rational justification for what may be sold and for who may sell and for when the sales may be made. They argue that the proscriptions now have no reasonable relation to the health, recreation or welfare of the people.

Art. 286a, which was under review by this Court in 1969, did more than add the device of a court injunction to the sanction of the Penal Code prohibition against Sunday business operations. It removed all penalties for the sale of the enumerated items on Sunday by those who did not sell any of the items on Saturday. The need to justify that different treatment for those who chose to close shop on Saturday and open on Sunday took us to the same constitutional questions facing us in the present case.

In *State v. Spartan's Industries, Inc.,* supra, we said that we understood the

principal plan of this statute to be the provision of effective sanctions to close most mercantile establishments on Sunday—Saturday being the better day for sales than Sunday. Allowing latitude for Sabbatarians and for some who prefer to tend only the Sunday trade, the Legislature thereby maintains the prevailing custom of people doing their serious shopping for clothing, furniture, automobiles, household and office appliances, and hardware on weekdays. When the Legislature retained the statute in 1973, it apparently decided to continue to serve that purpose. We regard the matter as a legislative question and reaffirm the constitutionality of the present statute.

The judgment of the trial court is affirmed.

Dissenting opinion by DOUGHTY, J., in which GREENHILL, C. J., and McGEE and SAM D. JOHNSON, JJ., join.

DOUGHTY, Justice (dissenting).

I respectfully dissent.

1. Article 9001 provides:

Section 1. Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any clothing; clothing accessories; wearing apparel; footwear; headwear; home, business, office or outdoor furniture; kitchenware; kitchen utensils; china; home appliances; stoves; refrigerators; air conditioners; electric fans; radios; television sets; washing machines; driers; cameras; *hardware; tools, excluding non-power driven hand tools;* jewelry; precious or semi-precious stones; silverwear; watches; clocks; luggage; motor vehicles; musical instruments; recordings; toys, excluding items customarily sold as novelties and souvenirs; mattresses; bed coverings; household linens; floor coverings; lamps; draperies; blinds; curtains; mirrors; lawn mowers or cloth piece goods shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense.

Sec. 2. Nothing herein shall apply to any sale or sales for charitable purposes or to items *used for funeral or burial purposes or to items* sold as a part of or in conjunction with the sale of real property.

Sec. 3. For the first offense under this Act, the punishment shall be by fine of not more than One Hundred Dollars ($100.00). If it is *shown* upon the trial of a case involving a violation of this Act that defendant has been once before convicted of the same offense, he shall on his second conviction and on all subse-

The question is not whether the legislature could require all merchants to close one day a week. That constitutional question has already been decided in *State v. Spartan's Industries, Inc.,* 447 S.W.2d 407 (Tex.1969). The question before us is this: assuming, as the majority opinion does, that all merchants may remain open seven days a week, may the legislature arbitrarily prohibit the sale of certain merchandise on both Saturday and Sunday?

The majority correctly points out that Tex.Rev.Civ.Stat.Ann. art. 9001 [1] was originally codified as article 286a of the Penal Code of 1925. As such, this court held it constitutional in *Spartan's Industries, Inc.* In 1973 the Texas Legislature enacted the present Penal Code and repealed much of the Penal Code of 1925. Certain articles, however, including article 286a, were transferred to the civil statutes. Tex.Laws of 1973, ch. 399, § 5, at 995. Among provisions repealed by the legislature were articles 283–286 and article 287 [2] of the Penal Code

quent convictions be punished by imprisonment in jail not exceeding six (6) months or by a fine of not more than Five Hundred Dollars ($500.00), or both.

Sec. 4. The purpose of this Act being to promote the health, recreation and welfare of the people of this state, the operation of any business whether by any individual, partnership or corporation *contrary to the provisions* of this Act is declared to be a public nuisance and any person may apply to any court of *competent jurisdiction for* and may obtain an injunction restraining such violation of this Act. Such proceedings shall be guided by the rules of other injunction proceedings.

Sec. 5. Occasional sales of any item named herein by a person not engaged in the business of selling such item shall be exempt from this Act.

2. Prior to their repeal, these statutes provided as follows:

Article 283. Any person who shall labor, or compel, force, or oblige his employes, workmen, or apprentices to labor on Sunday, or any person who shall hunt game of any kind whatsoever on Sunday within one-half mile of any church, school house, or private residence, shall be fined not less than ten nor more than fifty dollars.

Article 284. The preceding article shall not apply to household duties, works of necessity or charity; nor to necessary work on farms or plantations in order to prevent the loss of any

of 1925. Prior to their repeal these statutes had broadly prohibited any labor or sales on Sunday. The net effect of this legislative activity was to remove nearly all constraints on Sunday labor, including the sale of merchandise, prohibiting only the sale of goods specified in article 9001. Gibson's contends that article 9001, stripped of its former framework of Sunday closing laws, is unconstitutional because it denies equal protection and due process of the law and because it constitutes an unlawful exercise of police power.

## I. Equal Protection

In *Spartan's Industries,* Spartan's, as I understand the opinion, based its equal protection argument on the difference in penalties for violation of Sunday closing laws. Under article 286, violators of the general closing requirement faced a maximum penalty of $50.00. Article 286a, applicable to a small group of merchants [3] selling enumerated items, provided for enforcement of its provisions by injunctive relief. This court rejected the contention that such a distinction was discriminatory and indicated that the legislature was at liberty to treat flagrant violations of the law in a more severe manner as long as discrimination among competitors was avoided. 447 S.W.2d at 413.

The situation which we now face differs significantly from that before us in *Spartan's Industries.* The rational basis for the classification in article 286a—to insure that these flagrant violators of article 286, who might ignore a $50.00 fine, closed on Sunday—is no longer present. In *Spartan's Industries,* we pointed out that article 286a "specifically provides in Sec. 5a that the older Sunday closing laws are not repealed." 447 S.W.2d at 410. Article 9001, on the other hand, is not part of a broader framework designed to insure that all merchants, with a few exceptions, close. Instead, it is intended to force only stores selling particular goods to close. Those who fail to comply face an injunction. All other places of business may continue doing

crop; nor to the running of steamboats and other water crafts, rail cars, wagon trains, common carriers, nor to the delivery of goods by them or the receiving or storing of said goods by the parties or their agents to whom said goods are delivered; nor to stages carrying the United States mail or passengers; nor to foundries, sugar mills, or herders who have a herd of stock actually gathered and under herd; nor to persons traveling; nor to ferrymen or keepers of toll bridges, keepers of hotels, boarding houses and restaurants and their servants; nor to keepers of livery stables and their servants; nor to any person who conscientiously believes that the seventh or any other day of the week ought to be observed as the Sabbath, and who actually refrains from business and labor on that day for religious reasons.

Article 285. Any person who shall run or be engaged in running any horse race, or who shall be engaged in match shooting or any species of gaming for money or other consideration, within the limits of any city or town on Sunday, shall be fined not less than Twenty Dollars ($20) nor more than Fifty Dollars ($50).

Article 286. Any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employe of any such person, who shall sell, barter, or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than twenty nor more than fifty dollars. The term place of public amusement, shall be construed to mean circuses, theaters, variety theaters and such other amusements as are exhibited and for which an admission fee is charged; and shall also include dances at disorderly houses, low dives and places of like character, with or without fees for admission.

Article 287. The preceding Article shall not apply to markets or dealers in provisions as to sales of provisions made by them before nine o'clock A.M., nor to the sales of burial or shrouding material, newspapers, ice, ice cream, milk, nor to any sending of telegraph or telephone messages at any hour of the day or night, nor to keepers of drug stores, hotels, boarding houses, restaurants, livery stables, bath houses, or ice dealers, nor to telegraph or telephone offices, nor to sales of gasoline, or other motor fuel, nor to vehicle lubricants, nor to motion picture shows, or theatres operated in any incorporated city or town, after one o'clock P.M.

3. Although article 286a § 1 (as well as the comparable provision of article 9001) is broadly applicable to "any person," § 5 exempts "occasional sales." The effect of this language is to limit coverage of the statute to those who regularly make sales of the listed goods. In the vast majority of cases these will be merchants selling in the course of their business.

business on Saturday and Sunday as they would on any other day of the week.

The question then becomes whether there is some other rational basis upon which to uphold this legislation. The State argues, and by relying on *Spartan's Industries* the majority apparently agrees, that article 9001 is a valid solution to complex problems concerning first amendment freedom of religion. Both point out that the option of opening on either Saturday or Sunday was adopted with Sabbatarians in mind. This argument is wide of the mark. Accepting the premise that there is a constitutional problem of religious liberty involved,[4] it is not readily apparent why the legislature has prohibited certain merchants (i. e. those dealing in the listed merchandise) from selling on both Saturday and Sunday, while allowing all other merchants to sell on both days. The question why such a classification is rational remains. The provision of article 9001 forcing a choice of Saturday or Sunday sales could perhaps be justified on religious grounds if all sales on consecutive Saturdays and Sundays were prohibited. With the repeal of article 283, however, no such prohibition exists.

The majority has not attempted to suggest a rationale for this classification. I do not think one exists. I would hold that article 9001 is a discriminatory classification, denying Gibson's equal protection of the law.

## II. Due Process

An equally compelling reason to overturn this statute lies in the constitutional requirement of due process. Although there is legislative discretion in the area of economic regulation, the measure adopted must bear a reasonable relation to the proposed end. *Spartan's Industries, supra* at 414. In *Spartan's Industries,* we held that it was reasonable to provide for injunctive relief against certain violators of the Sunday closing law in order to obtain the objective of a one-day surcease from commerce.

447 S.W.2d at 411–12. The legislature, by repealing articles 283–286 and article 287, apparently abandoned this objective. Presumably the legislature believed that the health, recreation, and welfare of the people of the state no longer required general abstinence from commerce one day a week.

The majority opinion, however, disagrees; the legislative objective remains "to close most mercantile establishments on Sunday." Can it be said that the legislature was reasonably entitled to expect that article 9001 would attain the admittedly valid objective of limiting Sunday operations only by Sabbatarians and perhaps an occasional small storekeeper? I think not. Prohibiting the sale of certain merchandise on either Saturday or Sunday of any given week in no way limits the ability of the citizenry in general to carry on commerce if all other business may continue.

The line where the police power of the state encounters the barrier of substantive due process is not susceptible of exact definition. As a general rule the power is commensurate with, but does not exceed, the duty to provide for the real needs of the people in their health, safety, comfort and convenience as consistently as may be with private property rights. The guarantee of due process does not deprive the state of the right to take private property by the exercise of such power in a proper and lawful manner, but it is essential that the power be used for the purpose of accomplishing, *and in a manner appropriate to the accomplishment of,* the purposes for which it exists. (emphasis ours) *State v. Richards,* 157 Tex. 166, 301 S.W.2d 597, 602 (1957). Article 9001 penalizes only those persons who sell the listed merchandise. There is no proscription against other merchants, tradesmen, or professional people conducting business seven days a week. There is no limitation on the use of labor on both Saturday and Sunday to manufacture the merchandise that article 9001 prohibits

---

4. But see *Gallagher v. Crown Kosher Super Market,* 366 U.S. 617, 81 S.Ct. 1122, 7 L.Ed.2d 536 (1961), upholding Massachusetts' Sunday closing law in the face of first amendment religious freedom challenges.

selling. The exceptions that we previously were willing to allow have engulfed the rule. I find no reasonable relationship between the ostensible objective of this statute and the general welfare of the people.

Although not unmindful of the argument that certain merchants who open seven days a week may act as catalysts, prompting establishments which would otherwise close on either Saturday or Sunday to continue operating through the weekend out of fear that their business will be siphoned away, I am unpersuaded. One could argue with equal force that a small store dealing exclusively in an item also carried by a large department store may actually be encouraged to open both Saturday and Sunday. If that item is not covered by article 9001, the smaller store may have an unfair trade advantage over the larger store, which is economically prohibited from opening on Sunday to sell that item alone.

The majority seeks to justify this statute as a solution to a "legislative question." I would require that this statute, as well as any other enacted by the legislature, conform to all constitutional guarantees under accepted standards of judicial review. Although the legislature could enact a Sunday closing law that would meet constitutional requirements, article 9001 does not do so. It denies Gibson's equal protection and due process of the law under the fourteenth amendment to the United States Constitution and article I, section 19 of the Texas Constitution. Therefore, I would reverse the judgment of the trial court and render judgment for appellant.

GREENHILL, C. J., and McGEE and SAM D. JOHNSON, JJ., join in this dissent.