**GIBSON DISTRIBUTING COMPANY, INC., et al., Appellants,**

v.

**DOWNTOWN DEVELOPMENT ASSOCIATION OF EL PASO, INC., Appellee.**

No. B–7383.

Supreme Court of Texas.

July 12, 1978.

Appeal Dismissed Dec. 4, 1978. See 99 S.Ct. 606.

Kemp, Smith, White, Duncan & Hammond, Royal Fergeson, El Paso, for appellants.

Scott, Hulse, Marshall & Feuille, Frank Feuille, IV, El Paso, for appellee.

GREENHILL, Chief Justice.

This is another lawsuit attacking the constitutionality of the so-called Sunday Closing Law of Texas, Article 9001 of our civil statutes.[1] Two grounds for the attack are due process and equal protection. The third is a contention that the Texas statute is invalid because it deals with restraint of trade, a field which, it is argued, has been preempted by the Congress and its Sherman Antitrust Act. More specifically, the point is that "Article 9001 . . . was preempted by the Sherman Act. . . ."

The case reaches us as a direct appeal from a district court in El Paso. That court upheld the constitutionality of the statute. We affirm that judgment.

*Due Process and Equal Protection*

The constitutional assaults of lack of due process and equal protection were made in at least two of our previous decisions.

In *State v. Spartan's Industries, Inc.,* 447 S.W.2d 407 (Tex.1969), in the face of a strong dissenting opinion of three justices, this court held that the statute was a valid

---

1. Unless otherwise indicated, statutory references are to Vernon's Texas Statutes Annotated. Article 9001 of the civil statutes was formerly Article 286a of the Penal Code. That statutory change was the subject of a major point in *Gibson Products Co., Inc. v. State,* 545 S.W.2d 128 (Tex.1976). The standing of Respondents to bring this suit is not a point of error in this court.

exercise of the police power by the Texas Legislature; that it was reasonably related to the public health and welfare; that it treated all merchants alike and was not discriminatory; and was constitutional. Due process and equal protection were written upon at length.

Some seven years later, similar assaults were made in *Gibson Products Company, Inc. v. State*, 545 S.W.2d 128 (Tex.1976). Again by a divided court, the decision was that the statute was constitutional. The statute has not been changed; and while there were differences of opinion among us, we now regard this matter as settled. We, therefore, follow the two cases set out above; and the points that the statute is unconstitutional as lacking in due process and equal protection are overruled.

### Federal Preemption

 The argument that the "Sunday Closing Statute" was intended to benefit certain merchants over other merchants and to restrain trade is not new either. The substance of these arguments was made in the above cases and in support of Gibson's equal protection and due process attacks on Article 9001. But the particular argument that the State's right to regulate the Saturday and Sunday sales of merchants has been preempted by the federal antitrust Sherman Act is new in this Court.

Article VI, section 2, of the Constitution of the United States (the Supremacy Clause) provides that the constitution and laws of the United States made in pursuance thereof "shall be the supreme Law of the Land." We recognize, as we must, the force of that provision. It is our view, however, that the Congress, by enacting the Sherman Act, did not intend to prohibit a valid exercise of the police power of the States,—as this Court has held the statute in question to be.

As we read *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), and other opinions of the Supreme Court,

state action affecting commerce is generally considered to be "exempted" from the Sherman Act. Perhaps it is more accurate to say that the rule of preemption is simply not applicable to such state action. The Supreme Court, in *Parker v. Brown*, stated that,

". . . nothing in the language of the Sherman Act or in its history [suggests] that its purpose was to restrain a state or its officers or agents from activities directed by its legislature."

Not every act of a state or local subdivision necessarily comes within the exception to the Sherman Act. Thus, where a city engages in the business of selling electricity, gas, and water, its alleged acts to restrain trade from a competing privately owned utility are not automatically exempt. *City of Lafayette, Louisiana v. Louisiana Power & Light Co.*, 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978). The lines of demarcation under *Parker v. Brown* are discussed in that Louisiana case and in the recent lawyer-advertising case of *Bates and O'Steen v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). In *Bates and O'Steen*, it was decided that the regulation and restriction of lawyers' advertising by the Supreme Court of Arizona was not preempted by the Sherman Act. Rather, the court held, such state action fell within the exemption announced in *Parker v. Brown*.[2] See also, *Taylor Drug Stores, Inc. v. Associated Dry Goods Corporation*, 560 F.2d 211 (6th Cir. 1977). In the light of these opinions, it is our conclusion that Article 9001 is not preempted by the Sherman Act.

The judgment of the district court, which upheld Article 9001 against these attacks, is affirmed.

---

**2.** The *Bates and O'Steen* case held, however, that the blanket suppression of legal advertising violated the free speech clause of the First Amendment.