The STATE of Texas, Appellant,

v.

REVCO, D.S., INC., Eckerds Drugs of Texas, Inc., Minyard Food Stores, Inc., Safeway Stores, Inc., Skaggs Companies, Inc., Southland Corp., Cullum Companies, Inc. d/b/a Tom Thumb Stores, Inc. and Page Drugs, and Winn-Dixie Texas, Inc., Appellees.

No. 05–83–00599–CV.

Court of Appeals of Texas, Dallas.

March 28, 1984.

Rehearing Denied May 1, 1984.

Henry Wade, Dist. Atty., Dallas, Charles J. Baldree, Karen Chilton Beverly, Asst. Dist. Attys., David Duggins, Austin, for appellant.

Edward S. Koppman, James H. Holmes, III, Pat W. Davis, Robert Jordan, Dallas, H. Carter Burdette, Fort Worth, Allen Butler, Dallas, Leo C. Michaud, Seagoville, for appellees.

Before GUITTARD, C.J., and CARVER and GULLIOT, JJ.

GUILLOT, Justice.

This is an appeal from a summary judgment in favor of Revco, D.S., Inc., Eckerds Drugs of Texas, Inc., Minyard Food Stores, Inc., Safeway Stores, Inc., Skaggs Companies, Inc., Southland Corp., Cullum Companies, Inc. d/b/a Tom Thumb Stores, Inc. and Page Drugs, and Winn-Dixie Texas, Inc. (hereinafter collectively referred to as "Revco"). For the reasons stated below, we reverse the summary judgment and remand the case to the trial court.

In its sixth point of error, the State contends that the evidence offered by Revco in support of its summary judgment is insufficient to support the trial court's conclusion that TEX.REV.CIV.STAT.ANN. art. 9001 (Vernon Supp.1982–83) (the "Texas Blue Law") is unconstitutional. We note that this law was recently held to be constitutional in *Gibson Distributing Co. v. Downtown Development Association of El Paso, Inc.*, 572 S.W.2d 334 (Tex.), *appeal dismissed*, 439 U.S. 1000, 99 S.Ct. 606, 58 L.Ed.2d 674 (1978). The only evidence that Revco offered was an affidavit of an expert, Leland Wooten, on the effect of the Texas Blue Law on the economy in Texas.

■ The controversy here concerns the validity of the statute generally rather than any alleged unconstitutional application to a particular fact situation. Thus the "facts" in issue here are legislative facts as distinguished from adjudicative facts. We need not consider whether legislative facts are matters to be established by the fact-finding process, either at trial or on a motion for summary judgment, rather than matters of law to be determined from information judicially noticed. *See* rule 201(a), TEXAS RULES OF EVIDENCE, and *see generally*, D. Shuman, "Decisionmaking Under Conditions of Uncertainty," 67 *Judicature* 326 (1984). Here the parties and the trial court have treated the matters at issue as adjudicative facts, and we dispose of their contentions on that basis.

TEX.R.CIV.P. 166–A(c) provides:

A summary judgment may be based on uncontroverted testimonial evidence of

an interested witness, or of an expert witness as to subject matter concerning which the trier of fact *must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.* (Emphasis added).

We agree with the State that the evidence was insufficient. First of all, the validity of the Texas Blue Law is not necessarily a subject matter upon which the trier of fact must be guided solely by expert opinion, and therefore this evidence is insufficient to support summary judgment. *Cloys v. Turbin*, 608 S.W.2d 697 (Tex.Civ.App.— Dallas 1980, no writ). Moreover, even if we were to allow expert testimony to suffice as a basis for summary judgment, this affidavit would clearly not meet the test set forth in Rule 166–A(c) that the evidence be clear, positive, and direct; otherwise credible and free from contradictions and inconsistencies; and readily controverted. *Duncan v. Horning*, 587 S.W.2d 471 (Tex. Civ.App.—Dallas 1979, no writ). The summary-judgment evidence, to allow Revco to prevail, must have shown as a matter of law that the Texas Blue Law is unconstitutional. This affidavit is based on a random sampling of certain retail establishments in Texas; excludes retail stores with fewer than ten employees; cites unnamed "recent studies" concerning productivity; contains conjecture of retailers who said they would give their employees one day a week of rest if the Texas Blue Law no longer existed; and includes the assertions that 17.7% of all retailers selling merchandise regulated under the Texas Blue Law are open on consecutive Saturdays and Sundays (we note that this finding establishes that 82.3% of all retailers close on one of those days), and that there is no statistically significant relationship between the type of merchandise sold by retail establishments and a retailer's decision to grant its employees a day of rest.

In order to sustain a summary judgment on the unconstitutionality of the Texas Blue Law, Revco had to establish as a matter of law that there is no reasonable relation between the law and the health, recreation, and welfare of the people of the state. *See State v. Spartan's Industries, Inc.*, 447 S.W.2d 407, 414 (Tex.1969), *appeal dismissed*, 397 U.S. 590, 90 S.Ct. 1359, 25 L.Ed.2d 596 (1970). We find that this was not established as a matter of law. The summary-judgment evidence fails to sustain as a matter of law the trial court's conclusions that the selection of merchandise regulated by the Texas Blue Law is arbitrary and capricious; that mere regulation of the sale of certain merchandise under the Texas Blue Law bears no rational relation to the promotion of a day of rest; that mere regulation of the sale of certain merchandise under the Texas Blue Law fails to provide the Texas retail work force with a day of rest; and that the Texas Blue Law discriminates against retailers who sell merchandise regulated by the Statute. This affidavit contains speculative statements and conclusions. These are not sufficient. *See Dallas Eight, Ltd. v. Aaron Rents, Inc.*, 560 S.W.2d 778 (Tex.Civ.App. —Tyler 1977, no writ). Also, the study excludes merchants with fewer than ten employees; this presents a contradiction to the assertion by Revco that the survey reflects the universe of retail establishments. Finally, the affidavit contains some hearsay, which is clearly not sufficient to form the basis for a summary judgment. *Crystal City Independent School District v. Wagner*, 605 S.W.2d 743 (Tex.Civ.App.— San Antonio 1980, writ ref'd n.r.e.). Accordingly, we reverse the case and remand to the trial court for further proceedings in accordance with this opinion.

Costs taxed against appellees.