J. C. Salsman, appellee, filed suit in a district court of Grayson county against the Missouri-Kansas-Texas Railroad Company of Texas, appellant, to recover damages for *Page 1028 
personal injuries alleged to have been sustained as the result of a wanton and malicious assault made on him by an agent and employee of appellant, and within the scope of such employment. Appellee alleged in his petition that on the occasion of the assault he was proceeding in a westwardly direction on a public highway in the city of Whitesboro, which highway runs parallel with and alongside of appellant's right of way, when appellant's agent jumped from a moving train, assaulted appellee, thereby inflicting upon him great and permanent injuries. Appellant interposed a general demurrer and general denial. The case was tried to a jury on special issues, and on answers thereto favorable to appellee, judgment was rendered thereon. Appellant appeals.
Appellant contends, by a pertinent assignment of error, that its general demurrer to appellee's petition should have been sustained. It is an elementary rule of law that, where a recovery is sought of the master for injuries inflicted by his servant, the plaintiff must plead and show that the servant did the wrong while acting within the scope of his employment. Galveston, H. S. A. Ry. Co. v. Henefy (Tex.Civ.App.)99 S.W. 884. On failure to allege in general terms that the acts complained of were within the scope of the agent's employment, or facts from which it might be reasonably inferred that such acts were within such scope, the petition will not sustain a judgment. Plaintiff's petition alleges substantially that the assaulting party was an agent and employee of appellant, having the duties of preserving appellant's property and protecting it from trespassers on its right of way and trains. He further alleged:
"That as he was proceeding westwardly on said road a train on the main line of said Missouri-Kansas-Texas Railroad Company of Texas was moving slowly westward, when said Frank Spencer jumped from said train to a point on said right of way near the said public thoroughfare, and threw a gun down on plaintiff, and ordered him to halt, and used violent and approbrious epithets toward plaintiff, and said that said plaintiff should not hop said train, and held plaintiff at the point of said gun until the train had completely passed, and thereupon he ordered plaintiff to come towards him on the right of way, and plaintiff proceeded onto said properties in fear of his life.
"That thereupon, defendant, its agent and employee, cursed plaintiff, and called him many vile names, and searched him, and violently knocked him down with his six-shooter, and assaulted him with deadly weapons, beat, kicked, abused, shot at, wounded and laid hands on the plaintiff, inflicting upon him great and permanent injuries."
There is no causal connection alleged between the alleged duties of the agent in protecting appellant's trains and right of way, and the alleged act and conduct of appellee in walking down the public road. No trespass on appellant's property is alleged, and no act alleged which would indicate that a trespass was in contemplation The allegation is merely that he was going down a public highway as an innocent person could be doing and had the right to do. It could not be reasonably contended that, because it was within the scope of such agent's employment to protect his employer's property from trespassers, he turned aside from his line of duty and made an unlawful assault upon an innocent wayfarer, his employer would be responsible for such unlawful and unauthorized act. Such alleged acts are not within the scope of one's employment whose duty it is to protect his employer's property, when the assault was made, and without reference to his employer's business. We conclude that appellee's petition is insufficient, and that appellant's general demurrer should have been sustained.
Appellant further contends that the evidence is insufficient to establish an agency, express or implied, of the assaulting party, or that the duties under such agency were those alleged in appellee's petition. In view of the fact that this case must be reversed, we do not think a discussion of the evidence is here proper or necessary, and we pretermit an extended recitation of the facts. The evidence follows substantially the allegations of the petition; the petition being insufficient, it necessarily follows that the evidence is likewise insufficient. The evidence discloses, however, that that which is lacking in proof as to the agency, the scope of employment, and the application of the doctrine of respondeat superior, might be available; thus we are inclined to hold that, by appropriate amended pleadings, prima facie proof of agency might be shown, that the acts complained of might be shown to be within the scope of the agent's employment, and that appellant might be held responsible therefor. We cannot conclude that the evidence is so completely developed as to call for the case to be reversed and rendered.
Appellant also contends that the trial court erred in giving the jury the following charge:
"You are further instructed that where a party acts in behalf of another under the latter's authority and for the latter's benefit, he is, in law, an agent of the latter.
"The term `within the scope of his employment' when used relative to the acts of a servant, means while engaged in the service of his master, or while about his master's business. It does not follow that, because one who has been guilty of negligence was at the time acting under employment by another, that he was acting within the scope of such employment. It must appear that the acts complained of were done by him while *Page 1029 
performing the duties pertaining to his employment; but the mere fact that the servant acting for the master deviates from his instructions does not take the act out of the scope of his authority or employment. The test is whether the act done was in the prosecution of the business in which the servant was employed to assist. He may be acting within the scope of his employment, although disobeying the express commands of his master at the time."
The charge was excepted to because the court, having submitted the case on special issues: (1) It is not a correct explanation or definition of legal terms necessary to enable the jury to pass upon the issues of fact; (2) it is in the nature of a general charge; (3) is not applicable to the case made by the pleadings and evidence; and (4) is calculated to mislead and confuse the jury.
The charge quoted is an explanation and definition of agency, and the term "within the scope of his employment," and is a correct enunciation of the law, and an exemplification of the court's definition of those terms. Hill v. Staats (Tex.Civ.App.) 189 S.W. 85, 86. "Agency," "extent of such agency," and "acts done within the scope of the agent's employment" on which his master might be liable, are terms to which definitions and explanations are necessary, and in many cases indispensable, to enlighten the jury, and enable it to correctly determine the issues involved. If the charge complained of is the law of the forum, and is such that is applicable to the pleadings and evidence, and does not tend to confuse or mislead the jury, or prejudice the rights of the litigants, it ought to be given to enable the jury to properly pass upon and render a verdict on submitted special issues. However, the latter part of the charge, dealing with and in explanation of the acts which come under the court's definition of the term "within the scope of his employment," is condemned as a general charge and in violation of article 2189, R.S. 1925, which provides that, when a case is submitted on special issues only, "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." Radford v. Andrews (Tex.Com.App.) 15 S.W.2d 218,219. On another trial, we suggest that the general charge be not given.
Error is also assigned in giving to the jury the following special issues:
"No. 2. At the time of the occurrence in question was Frank Spence acting within the scope of his employment in attempting to prevent the plaintiff from boarding the train in question, as that term has been defined to you?
"No. 3. Did Frank Spence use more force than was necessary to prevent the plaintiff from boarding the train in question?"
It is evident that the issues quoted assume that the appellee was attempting to board appellant's train, and the alleged agent was attempting to prevent him from boarding the train. The questions are not applicable to the pleading and the evidence. Appellee's petition does not allege that he was attempting to board the train, or that the alleged assault was committed by the agent on appellee while he was attempting to board the train, and no evidence in the record shows that the agent was doing or attempting to do that which the jury is called upon to determine by said special issues. It is error to submit an issue upon which there is no pleading and no evidence applicable thereto, and the assumption of a fact, which is within the province of a jury to determine. Gulf, C. 
S. F. Railroad Company v. Vieno (Tex.Civ.App.) 26 S.W. 231.
Appellant further contends that error was committed in permitting witnesses, over its objection, to relate conversations had with the alleged agent, relative to the occurrence in which appellee was assaulted by said agent. We conclude that the declarations of the agent, which form no part of the res gestæ, are not admissible against appellant. The declarations of an alleged agent, detailed by others, are incompetent to establish either the fact of the agency or the scope of his employment. If agency is prima facie established, declarations of the agent within the scope of such agency may be shown as the acts and admissions of the principal. Tabet v. Powell (Tex.Civ.App.) 78 S.W. 997, 999. Under this rule of law, any statement or admission of the agent showing knowledge on his part of the acts of appellee in invading the premises of appellant or committing trespass thereon, or his knowledge of the intention, coupled with any overt act of appellee, to invade or trespass upon the premises, is admissible, bearing on the issue as to whether the assault was made in furtherance of and coming within the scope of the agent's employment. The related statement of the agent to Dr. C. L. King, not a part of the res gestæ, that "this man (Salsman) was going to hop the train," was admissible; but related statements of the agent as to what he did in reference to the assault are not admissible against appellant.
We have carefully considered all propositions and assignments not otherwise herein discussed, and same are overruled, and from what we have said this case is reversed and remanded.
 Reversed and remanded. *Page 1030