Arthur ENGLISH, Appellant,

v.

O. B. DHANE et al., Appellees.

No. 15685.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 20, 1956.

Rehearing Denied Feb. 17, 1956.

M. Hendricks Brown and Chas. J. Murray, Fort Worth, for appellant.

Mock, Richie & Spell and B. E. Richie, Wichita Falls, for appellees.

BOYD, Justice.

Appellees O. B. Dhane, individually and as next friend for Charles Dhane and Audrey Dhane Raschke and husband, Hubert Raschke; Bobby Gene Cork and wife, Joan Cork; and Floyd Fender filed three separate suits against John J. Peters and appellant Arthur English for injuries and damages sustained by Fender, Joan Cork, Charles Dhane and Audrey Dhane Raschke, in a collision between an automobile in which they were riding and one driven by Peters and owned by appellant. The causes were consolidated. Upon a jury verdict, judgment was rendered against Peters and English for $11,755. English alone has appealed.

Peters and appellant were attached to the same organization and quartered in the same barracks at Sheppard Air Force Base near Wichita Falls. During the early part of the evening prior to the collision which occurred about midnight, Peters borrowed appellant's automobile for his own personal use. Prior to that time appellant had permitted Peters and other Air Force personnel to use his car for their personal pleasure when he did not have occasion to use it himself. About 8:00 p. m. Peters drove the car to the Noncommissioned Officers Club on the Base for the purpose of meeting his date. They danced at the Club until about 10:30. After turning the car over to Peters, appellant, who was on town patrol duty in Wichita Falls, secured a date for later on that night, after he was to be relieved from duty, and wanted his car to use on that date. During the time that Peters was at the Club, appellant returned to the Base and left a note in the car requesting Peters to call him. The weather was hot,

and about 10:30 Peters returned to the barracks for the purpose of changing his clothes. After finding the note, Peters drove the car off of the Base and to a drive-in cafe known as Pioneer No. 3, between the Base and the city of Wichita Falls. He had arranged to meet his date again at the Pioneer. About 11:30 or later, Peters called appellant over the telephone from the Pioneer and was told, as appellant testified, that appellant wanted him to bring the car to the Wichita Falls Police Station between 12:00 and 1:00 and "pick him up." Peters testified that appellant said he wanted him to bring the car to the Station because he had a date, and at other places in his testimony Peters said appellant wanted him to bring the car to the Station and "pick him up." Appellant testified that this was his way of getting the car from the Base to the Station without having to go back after it. Almost immediately after the telephone conversation, Peters started to make the trip to the Police Station, meeting his date coming into the cafe with other friends as he went out. It was while Peters was on his way to Wichita Falls in response to appellant's request that the accident in question occurred.

The jury found that in driving the car from the Pioneer to the Police Station, Peters was an agent of English; and that immediately prior to and at the time of the collision, he was acting within the scope of his agency.

The court submitted the following definitions in the charge: "By the term 'Agent', as used in this charge, is meant that where one person acts in behalf of another under the latter's authority and for the latter's benefit, he is acting as an agent for the latter"; and, "By the term 'Within the Scope of His Agency', as used in this charge is meant that while a person is engaged in performing a task directed by another, for the benefit of such other, he is acting within the scope of his agency for such other person."

Appellant moved for an instructed verdict at the close of the appellees' testi-

mony, and again at the close of all the testimony, and the denial of such motion constitutes his first point of error. Error is also assigned to the court's action in submitting the issues as to agency and scope of agency, as well as its overruling appellant's objections and exceptions to the definitions of "agent" and the term "within the scope of his agency."

Appellant's contention is that there was no evidence to warrant the submission of the issues as to agency and scope of agency, and that therefore it was error to submit such issues, and that his motion for instructed verdict should have been sustained. He also contends that if there was some evidence raising such issues, it was insufficient to support the jury's answers thereto.

Assuming that Peters would not have been acting as an agent for appellant had the collision occurred before Peters undertook to comply with appellant's request to drive the car to the Police Station, our question seems to be: Was Peters acting for appellant when he was driving the car from the Pioneer to the Police Station? We have reached the conclusion that the question must be answered in the affirmative.

Appellant argues that in driving the car to the Police Station, Peters was still acting in his own behalf, for he was doing what the law required him to do, that is, returning the bailed property, and that appellant had no more control over him after the telephone call than he had before. Even though appellant had relinquished the right to control the car while Peters was driving it entirely for his own convenience, we are not prepared to say that this status existed after appellant had directed Peters to drive the car to the Police Station either to deliver it to appellant or to pick him up. When the time came for Peters to drive the car to the Police Station, he was no longer at liberty to use it as he might desire. And he desired to do nothing with it except to comply with appellant's request. He testified that he left the Pioneer and started on the trip to Wichita Falls solely because appellant requested him to do so, and only in

obedience to that request. He took the most direct route to the Station.

"One who acts in my behalf, for my advantage, by my authority, is my agent." Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554, 557. See also 2 Am.Jur., p. 13, sec. 2; 2 C.J.S., Agency, § 1, p. 1025. While dancing at the Club, or going to the Pioneer to meet again his date, Peters was not acting in appellant's behalf, or by his authority, or to his advantage; when, however, Peters left the Pioneer and started to the Police Station, to deliver the car to appellant or to pick him up, he was acting in appellant's behalf, for his advantage, and by his authority. We think that when appellant called Peters from his mission of pleasure, and Peters undertook to comply with appellant's direction, the bailment for the benefit of Peters was ended, and thereafter Peters was acting for appellant.

Appellant objected to the definitions of "agent" and "within the scope of his agency" because the court did not instruct the jury that before one could be an agent, the principal must have the right to exercise control over him and direct him in the material details of how he performs a particular act. A definition of the term "agent", almost identical with that given by the trial court, was approved in Missouri-Kansas-Texas R. Co. v. Salsman, Tex.Civ. App., 58 S.W.2d 1026. And under the evidence, we do not see how appellant's right to control Peters, after Peters started to drive the car to the Police Station, can be doubted. Appellant evidently thought he had the right to control Peters in the matter of bringing the car to him at the Police Station, for he testified that he instructed Peters to do that very thing, and that Peters was acting under those instructions when he started with the car. And Peters evidently thought appellant had the right of control, because he testified that "I talked to him and he told me he wanted the car down there and he asked me if I would bring it down and I told him I would;" that in a few minutes after he got the request, he was on his way to take the car

to appellant; and that "I had only one thing on my mind and that was doing what English requested me to do."

It is only when the facts appertaining to the relation of principal and agent are in dispute that the issues as to agency and scope of agency need be submitted to the jury. We think it is within the province of the court to determine whether under an ascertained state of facts an agency exists, and, if it does, whether the agent's acts were within the scope of his agency. Daugherty v. Wiles, Tex.Com.App., 207 S.W. 900; Bradstreet Co. v. Gill, 72 Tex. 115, 9 S.W. 753, 2 L.R.A. 405, 13 Am.St.Rep. 768; Cotterly v. Muirhead, Tex.Civ.App., 244 S.W.2d 920; Reed v. Hester, Tex.Com.App., 44 S.W.2d 1107; Hill v. Staats, Tex.Civ.App., 187 S.W. 1039, 189 S.W. 85, writ refused.

Believing that the evidence is sufficient to support the verdict and judgment, and finding no error, the judgment is affirmed.