CLARK'S–GAMBLE, INC., et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 8289.

Court of Civil Appeals of Texas,
Amarillo.

Oct. 24, 1972.

Rehearing Denied Nov. 20, 1972.

Berman, Fichtner & Mitchell, W. W. Mitchell, II, Dallas, Kent Wagonseller, Lubbock, for appellants.

Alton R. Griffin, County Atty., Garner, Boulter, Jesko & Purdom, Thomas J. Purdom, Lubbock, for appellee.

ELLIS, Chief Justice.

This is an appeal from a judgment of the trial court permanently enjoining the appellants, Clark's-Gamble, Inc., Cook's Discount Department Store and Sundaco, Inc. from selling or offering for sale in Lubbock County, Texas on both the two consecutive days of Saturday and Sunday any of the items enumerated in Section 1 of Article 286a, Vernon's Annotated Penal Code. Affirmed.

The suit was instituted by the State of Texas upon allegations that the conduct on the part of the appellants in connection with the operation of a retail business in Lubbock County, Texas constitutes a public nuisance which should be restrained or enjoined pursuant to the provisions of Section 4, Article 286a, V.A.P.C. Prior to commencement of the trial, the appellants filed their Plea in Bar, Motion to Dismiss and Motion for Summary Judgment, urging the defenses of res judicata, estoppel by judgment and plea in bar on the basis of a final judgment entered by the district court in Ector County, Texas, denying the injunctive relief sought by the State of Texas against the appellants herein as defendants in the Ector County case. Such motions and pleas were overruled by the trial court. Also, one of the defendants, Cook United, Inc., was dismissed from the present cause upon its plea to the jurisdiction.

Before going to trial, the State of Texas filed its trial amendment alleging that the appellants, through their agents, servants and employees, on specific dates, have violated, or, alternatively, have indicated they will violate, the provisions of Article 286a by selling or offering for sale various items

prohibited from being offered for sale or being sold on both the two consecutive days of Saturday and Sunday. The case was tried to a jury, and based upon the jury's verdict, the trial court entered its judgment from which this appeal is brought. The appellants will sometimes be referred to as "Clark's" and "Sundaco."

Article 286a, V.A.P.C., makes it a misdemeanor for any person to sell certain listed items on the two consecutive days of Saturday and Sunday. Section 4 of Article 286a provides:

"The purpose of this Act being to promote the health, recreation and welfare of the people of this state, the operation of any business whether by any individual, partnership or corporation contrary to the provisions of this Act is declared to be a public nuisance and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of this Act. Such proceedings shall be guided by the rules of other injunction proceedings."

According to evidence submitted by the appellants, Clark's-Gamble, Inc. is the corporate entity which operates Cook's Discount Department Store in Lubbock, Texas. Fifty-one per cent of the stock of Clark's-Gamble, Inc. is owned by M. N. Landau Stores, Incorporated, an Ohio corporation, a wholly owned subsidiary of Cook United, Inc., which is a publicly held corporation. The discount division of Cook United, Inc. does business under the name of "Cook's" and other names in different parts of the country. All of the discount stores which are partly or wholly owned by Cook United, Inc. are operated by M. N. Landau Stores, Incorporated, which in turn owns numerous other subsidiaries. Thus, Cook's Discount Department Store is the assumed name under which Clark's-Gamble, Inc., operates the discount store involved in the instant case.

The evidence submitted by appellants further discloses that the incorporation of

Sundaco, Inc. in August, 1967, was a direct result of the passage of the amendment to Article 286a eliminating the emergency provision of the law whereby certain purchases otherwise prohibited could be made provided the customer certified in writing that the purchase was made by reason of an emergency. According to the evidence, as a result of the amendment, some people who thought "they saw an opportunity to make money out of the particular wording of the law as it stood," got together and formed Sundaco.

During the period material to this suit, a retail discount department store was operated on the premises at 3907 Avenue Q in Lubbock, Texas seven days a week. Purportedly, the discount store was operated six days a week—Monday through Saturday—by Clark's-Gamble, Inc., dba Cook's Discount Department Store, and by Sundaco on Sunday of each week. The evidence further discloses that there was an arrangement between Sundaco and Clark's whereby Sundaco leases the premises, building and fixtures from Clark's for the period of time from 11:59 p. m. on Saturday until midnight on Sunday, and under a "Contract of Sale and Return," Sundaco buys the inventory from Clark's on Saturday night and sells the remaining inventory back at midnight on Sunday. No physical inventory is made in connection with either transfer of the stock of merchandise. The contract above mentioned provides that Sundaco is obligated to pay to Clark's for the merchandise bought the sum of 75 per cent of the gross sales price of the merchandise sold. Thus, under the language of the contract, Sundaco could sell the merchandise for any price, ridiculously low or otherwise, that it saw fit and would be obligated to pay Clark's only 75 per cent of that price. Under this contractual arrangement, Sundaco has full control over the price it is required to pay the seller for the merchandise it buys; however, the evidence indicates that in actual practice no changes are noted in prices on Sunday.

It is undisputed that the store was open and doing business on Saturday and Sunday, October 9 and 10, 1971; Saturday and Sunday, October 16 and 17, 1971; and on Saturday and Sunday, October 23 and 24, 1971. Also, it is undisputed that prohibited items listed in Article 286a were sold in the business establishment on such dates. Further, the State of Texas introduced and the court admitted into evidence prohibited items purchased by a deputy sheriff in the place of business here involved on each of the consecutive days Saturday and Sunday, October 23 and 24, 1971.

For the most part, the evidence regarding the Saturday and Sunday operations of the store consisted of testimony given by the manager of Clark's. Although he said that he had never worked for Sundaco, he demonstrated thorough and intimate knowledge of the details of Sundaco's operation of the store on Sunday. It is noted that the operation of the store on Saturday and Sunday was substantially the same except for the hours the store was open for business. The store signs were the same, bearing the name of "Cook's Discount Department Store." Also, a sign that reads "Welcome to Cook's" and various other "Cook's" signs are displayed in the store on Sundays and all other days of the week. The labels on merchandise were the same on Saturday and Sunday indicating "C—Discount," obviously standing for "Cook's." Also, the merchandise was the same and apparently sold for the same price. There is no sign or other visible indication that either Sundaco or Clark's owns the store. The various records of Sundaco, including receipts, licenses and permits from the state, are kept and displayed in the office of Cook's Discount Department Store, which is owned by Clark's. In investigating certain happenings in the store on a certain Sunday, the manager of Clark's, during the course of the trial, checked with the Sundaco manager in charge of the Sundaco operations on that particular Sunday to secure the information. The same person in charge of Sundaco operations on that

Sunday was, on the day of investigation, performing the duties as operations manager of Cook's Discount Department Store. The employees' pay scale was based on Clark's pay schedule. The payroll for Sundaco is computed on Monday by a person who charges out the time used for such computation to Sundaco, and the balance of the time is charged to Clark's. This computation is done with Clark's equipment. The Sundaco check previously sent in from Sundaco headquarters in Dallas for Sunday employees' wages is cashed by office personnel in the office of Clark's manager. The Sundaco employees are paid from this cash which is kept in Clark's safe. Also, cash is "loaned" from Clark's money room for the cash registers at the opening for business on Sunday. Further, the same people collect "hot" checks for both Sundaco and Clark's. Sundaco employs people to work on Sunday only, while Clark's employs people to work on the other days of the week. Generally, no employee who works in the store on Saturday works in the store on Sunday. The evidence indicates that some of Clark's employees volunteer to work for Sundaco on Sunday, and, "under the rules" those who work for Sundaco on Sunday are not allowed to work for Clark's on Saturday. Nine to ten of the total of approximately twenty people who work for Sundaco on Sunday do not work in the store on any other day of the week.

The only connection in the officers and directors of Clark's and Sundaco is that of Aaron Bloom who was the president of Sundaco, Inc. at the time of the trial. Bloom was one of the original directors and owner of one-third of the stock of Sundaco, Inc. at the time of its incorporation in August, 1967. Apparently the same Bloom was an officer of M. N. Landau Stores, Incorporated (connected with Clark's in the complex corporate structure) at the time of the incorporation of Sundaco, Inc. Also, there is indication that Bloom was Secretary-Treasurer and Director of Clark's-Gamble, Inc. in 1964. Further, Bloom was apparently the Treasurer of Clark's-Worth,

Incorporated, who signed the lease whereby the premises here involved were leased to Clark's-Worth, Incorporated. This lease was guaranteed by Clark's-Gamble, Inc. who was not a party to the lease.

Appellants contend that the trial court erred in failing to sustain their pleas of estoppel by judgment, res judicata and plea in bar. The appellants take the position that the State is bound by a judgment entered in the district court of Ector County, Texas in Cause B-32033, styled State of Texas v. Sundaco, Inc., et al., wherein the State of Texas was denied an injunction against Sundaco, Inc. and other parties upon allegations of violations of Article 286a in the operation of another store. In order to establish res judicata, it is necessary to establish a concurrence of the following: (1) Identity of the things sued for; (2) Identity of the cause of action; (3) Identity of the persons and parties to the action; (4) Identity of the quality in the persons for or against whom the claim is made. See Butler, Williams & Jones v. Goodrich, 306 S.W.2d 798 (Tex. Civ.App.—Houston 1957, writ ref'd n. r. e.) and cases cited therein. An examination of the pleadings in the Ector County case discloses that all of the alleged conduct on the part of the defendants is limited to the City of Odessa in Ector County, Texas. Since a judgment must conform to the pleadings, any part of the judgment in the Ector County case which purports to affect parties and conduct outside of the City of Odessa in Ector County, Texas is fundamentally erroneous and void. 33 Tex.Jur. 2d Judgments, § 65 at 564. The instant case seeking injunctive relief in Lubbock County does not purport to affect appellants other than in relation to their Lubbock County operation. It appears, therefore, that there is no identity of the things sued for. Further, there is no identity of the causes of action. It is well established that the best test of the identity of claims upon which successive suits have been brought is by a determination as to whether the same evidence would sustain both actions. In the

Ector County case, the only admissible evidence was that relating to Cook's and Sundaco operations in Ector County in the months of March, April and May, 1970. Likewise, the only evidence with respect to the Lubbock County action would involve occurrences in Lubbock County, Texas. A judgment to the effect that appellants were in violation of the law in Ector County entered in May, 1970 is inapplicable to violations of such law in Lubbock County occurring in October, 1971. With respect to the identity of persons and the parties to the action, we note that an individual, along with certain corporations, is named as defendant in the Ector County case. Further, "Clark's-Gambol, (sic) Inc." is interlineated in the petition as a defendant along with other defendants in the Ector County case. The petition, however, does not set out the basis for any claim of violation on the part of Clark's-Gamble, Inc. From a review of the pleadings and judgment in the Ector County case, as well as the allegations in the instant Lubbock County case, we have concluded that the required concurrence of identity of parties and subject matter does not exist in the two cases. We, therefore, overrule the appellants' points of error wherein they complain that the trial court erred in failing to sustain their pleas of estoppel by judgment, res judicata and plea in bar.

The trial court submitted the following special issue and instructions to the jury:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that Sundaco, Inc., in its operation of the business located at 3907 Avenue Q, Lubbock, Texas, on the dates of October 10, 17 and 24, 1971, was acting as the agent of Clark's-Gamble, Inc. doing business as Cook's Discount Department Store?

"Answer 'We do' or 'We do not.' "

\*    \*    \*    \*    \*    \*

"In connection with the foregoing issue you are instructed that an agent is one who acts in behalf of another under the latter's authority and for the latter's benefit."

■ The jury answered the above Special issue, "We do." The appellants assigned as error the trial court's failure to sustain appellants' objection to the instruction on agency, insisting that such instruction does not include the element of control as requested by appellants. We have examined various definitions of agency contained in numerous cases decided by our courts, some of which employ the specific word or term, "control," while others employ other language to articulate the essential elements of agency. The identical language contained in the instruction given by the trial court was held to be a proper instruction in the case of Missouri-Kansas-Texas R. Co. v. Salsman, 58 S.W. 2d 1026 (Tex.Civ.App.—Dallas 1933, writ dism'd). Other definitions employing substantially the same language without using the specific term, "control," have been approved by our Supreme Court. In the case of Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554, 557 (1925), we find the following expression:

"One who acts in my behalf, for my advantage, by my authority, is my agent."

In view of the foregoing, we hold that the instruction given contains all of the essential elements and was not improper. Thraves v. Hooser, 44 S.W.2d 916 (Tex. Com.App.1932); Reed v. Hester, 44 S.W.2d 1107 (Tex.Com.App.1932); Boyd v. Eikenberry, 132 Tex. 408, 122 S.W.2d 1045 (Tex. Com.App.1939). The appellants' complaint regarding the court's instruction on agency is overruled.

■ By various points of error the appellants contend that there is no evidence or, alternatively, insufficient evidence to support the submission of Special Issue No. 1, and that once submitted, the court should have disregarded the jury's answer upon like grounds. We overrule all of such contentions. An examination of the record

indicates that the facts and circumstances in evidence and the reasonable inferences therefrom, clearly indicate that a fact question has been raised as to whether, under the admittedly unusual arrangement regarding the operation of the discount mercantile store, Sundaco did on the dates specified operate the business on Sunday in Clark's behalf, under Clark's authority and for Clark's benefit. In this connection, we deem the following matters to be significant: (1) The admitted purpose and the timing of the creation of Sundaco; (2) The close alliance between the two operations, including the obvious absence of "arm's length" transactions; (3) The intimate and thorough knowledge demonstrated by Clark's manager with respect to the details of the Sundaco operation; and (4) The close similarity between the operations by Sundaco on Sunday and by Clark's on the other days of the week.

■ In other cases involving some of the same parties under an arrangement similar to that shown in this case, the courts have found that the evidence was sufficient to support a finding by the trial court that Sundaco was acting as an agent for the party from whom it had leased the premises and fixtures and contracted for the sale and return of the stock of merchandise for the Sunday operation of the business. Sundaco, Inc. v. State of Texas, 463 S.W.2d 528 (Tex.Civ.App.—Eastland 1970, writ ref'd n. r. e.); Cook's Bryan, Inc. v. State of Texas, 459 S.W.2d 682 (Tex.Civ.App.—Houston (14th District) 1970, writ ref'd n. r. e.). In the case of Sundaco, Inc. v. State of Texas, supra, Sundaco and Clark's operated under an arrangement similar to that in the instant case; however, Sundaco's officers and directors and employees were substantially the same as Clark's. The court found that Sundaco was acting as an agent or conduit for Clark's in selling Clark's merchandise on Sunday. In Cook's Bryan, Inc. v. State of Texas, supra, the essential facts were very similar to those in the instant case, except that during a portion of the time involved some of the employees, particularly managerial employees, worked in the store both during the week and on Sunday, and some of Cook's employees, during the week and while on Cook's payroll, performed services for Sundaco. In this case the court also found that Cook's operated the store Sundays through Sundaco as its agent or conduit. We do not believe that the fact that in the instant case the officers and directors of Clark's are not identical with those of Sundaco and the fact that no employee who works for Clark's on Saturday works for Sundaco on Sunday would be determinative here, for, despite such differences the general operation and overall manner of conducting the business is substantially the same as that in the cases above cited. The fact that two companies have common officers and directors is not of itself determinative in establishing agency. Cosand v. Gray Wolfe Co., 262 S.W.2d 547 (Tex.Civ.App.—Galveston 1953, no writ). Also, even if the employees working in an establishment on Saturday were completely replaced by different employees on the following Sunday, such replacement would not of itself prevent the business from being subject to injunctive relief under Section 4 of Article 286a, regardless of the type of ownership under which the business is conducted. Ralph Williams Gulfgate Chrysler-Plymouth v. State of Texas, 451 S.W.2d 267 (Tex.Civ.App.—Houston (1st District) 1970, writ ref'd n. r. e.).

Thus, since the general manner of conducting the Saturday and Sunday operations and the overall results accomplished thereby in the instant case are similar in all essential respects to those in the above cited cases, we have reached the conclusion from a consideration of all the facts and circumstances in this case and reasonable inferences therefrom that the evidence is sufficient to support the jury's findings with respect to agency. Also, see Famous Department Store v. State of Texas, 371 S.W. 2d 76 (Tex.Civ.App.—Amarillo 1963, no writ).

The appellants further assert that the jury verdict with respect to agency will not support a judgment of permanent injunction. They contend, also, that the record reveals no evidence, or insufficient evidence, to support the granting of injunctive relief against the appellants for their alleged violations of the provisions of Article 286a. Section 4 of Article 286a, declares a business operating contrary to its provisions to be a public nuisance, and provides that "any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of this Act."

In the case of City of Corpus Christi v. Atlantic Mills Servicing Corporation of Fort Worth, 368 S.W.2d 640 (Tex.Civ.App. —San Antonio 1963, writ ref'd n. r. e.), the court stated:

"The remedy given by Sec. 4 of Art. 286a, to-wit, an injunction, is one authorized under the civil statutes and the Act expressly provides that the proceedings shall be guided by the rules of other injunction proceedings. There is a distinction between the enforcement of a statute by civil proceedings and that of charging a defendant with violation of a criminal law."

In the case of State of Texas v. Cook United, Inc., 469 S.W.2d 709, 712 (Tex. Sup.1971) the Court points out that Section 4, the injunction section of Article 286a, is not penal and that the injunction authorized by Section 4 offers *civil* relief.

Under Article 286a declaring the sale of certain goods on consecutive days of Saturday and Sunday to be a public nuisance, any person can seek an injunction restraining a violation of its provisions, and the finding of violation is itself a finding of injury. Clark's Texas, Inc. v. Stewart, 466 S.W.2d 354 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.) ; State of Texas v. Cook United, Inc., 464 S.W.2d 105, 107 (Tex.Sup. 1971). Also, in the case of State of Texas v. Leonard's Stores, Inc., 449 S.W.2d 851 (Tex.Civ.App.—Houston (1st District)

1970, writ ref'd n. r. e.), the court pointed out that a violation of the Act constitutes a public wrong for which injunctive relief will lie. Further, a business being operated on the consecutive days of Saturday and Sunday in violation of Article 286a constitutes a public nuisance as a matter of law. Ralph Williams Gulfgate Chrysler-Plymouth v. State of Texas, supra. Also, it has been held that the remedy of injunction provided in Section 4 of Article 286a is available against a *corporation* which sold the prohibited items on the two successive days of Saturday and Sunday. Cook's Bryan, Inc. v. State, supra.

In view of the foregoing, we hold that the operation by Clark's-Gamble, Inc. through the above described arrangement with Sundaco is violative of Article 286a, and that such prohibited conduct is subject to the injunctive remedy provided by Section 4 of such article. We, therefore, overrule all of appellants' points of error based upon the contentions that the jury's finding and the injunctive relief granted are unsupported by the evidence. Accordingly, the judgment of the trial court is affirmed.