**J. Ralph BELL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 3–86–051–CV.**

Court of Appeals of Texas,
Austin.

April 1, 1987.
Rehearing Denied April 29, 1987.

Mark Owen, Owen, Jones & Bogart, Elgin, for appellant.

Jim Mattox, Atty. Gen., Joe Foy, Jr., Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

PER CURIAM.

The State, on behalf of the Railroad Commission, brought this action against J. Ralph Bell for reimbursement of expenses incurred in the plugging of two abandoned oil wells. Tex.Nat.Res.Code Ann. § 89.083 (Supp.1987). The trial court, sitting without a jury, rendered judgment for the State for $5,908 plus prejudgment interest, attorney's fees, and court costs. Tex.Rev.Civ. Stat.Ann. art. 3917 (Supp.1987). Bell argues on appeal that the State's claim is barred by a release executed in 1977 and by the principles of *res judicata* and collateral estoppel. We will affirm the judgment of the trial court.

In October 1972, the Railroad Commission, acting pursuant to Article 6005, §§ 2 and 7 [1965 Tex.Gen.Laws, ch. 355, §§ 2 and 7, at 762–3 (repealed)],[1] issued an order requiring Bell to plug two abandoned oil wells in Throckmorton County. The Commission had previously determined that Bell was the "operator" of the two wells and that the wells constituted a potential pollution problem. Following Bell's failure to obey the order, the attorney general, acting on behalf of the Commission, brought suit in Travis County district court seeking civil penalties under Tex.Rev.Civ. Stat.Ann. art. 6036 (1962) (repealed) and a mandatory injunction requiring Bell to plug the wells. In May 1975, after a bench trial, the district court granted judgment for the State. The judgment reads in relevant part:

It is accordingly ORDERED, ADJUDGED and DECREED that Plaintiff

do have and recover of and from Defendant, J. Ralph Bell, judgment in the principal sum of Five Thousand Dollars ($5,000.00), same representing civil penalties as provided in Article 6036, R.S., and other applicable statutes ... The penalties above referred to are for failure of said Defendant, J. Ralph Bell, to plug the wells hereinafter mentioned in the October 26, 1972, Special Order of the Railroad Commission of Texas ..., wherein J. Ralph Bell was ordered to plug the hereinafter named and numbered wells in Throckmorton County, Texas.

It is further ORDERED, ADJUDGED and DECREED that said Defendant, J. Ralph Bell, be, and he is hereby, mandatorily enjoined, ordered and commanded to plug, under the supervision of the Railroad Commission of Texas, and in accordance with its rules and regulations, the following two wells.... The Clerk is ordered to issue a writ of mandatory injunction accordingly.

The Court finds that the wells aforesaid have each been abandoned or are not being operated and are causing or likely to cause pollution of fresh water above or below ground, creating an imperative public necessity that such wells be plugged, and in the absence of such plugging, irreparable harm and damage would be done to the Plaintiff and to the public. Further, it is the statutory duty of Defendant to plug such wells, which he has not done, and for such reasons, the writ of mandatory injunction aforesaid should issue.

It is the intention of the Court that this judgment for penalties and for a mandatory injunction be in all respects a final judgment. However, the Plaintiff has made known to the Court that in order to give Defendant ample time to obey this

---

**1.** Section 2 of the article provided: "The operator of a well shall properly plug the well when required and in accordance with the Commission's rules and regulations which are in effect at the time of plugging."

Section 7(a) provided in relevant part: "If it comes to the Commission's attention that a well which has been abandoned or is not being operated is causing or is likely to cause pollution of fresh water ..., the Commission, after due no-

tice, at a hearing, shall determine whether or not the well was properly plugged under Section 2...."

Section 7(b) provided in relevant part: "If the Commission finds that the well was not properly plugged, it shall order the operator to plug the well according to the rules and regulations of the Commission in effect at the time the order is issued...."

judgment, they are willing that execution and writ of injunction not issue until the expiration of six months from the date of entry of this judgment, and that the Court is of the opinion that such stay is necessary to accomplish the ends of justice. . . .

It is accordingly ORDERED that the Clerk shall not issue execution or writ of injunction hereunder prior to the expiration of six months from the date of entry of this judgment. Further, it is ordered that should the Defendant cause to be paid to Plaintiff the sum of Five Thousand Dollars ($5,000.00), plus interest and Court costs as above provided during such six months' period, or if, during such period, the Defendant shall cause said wells to be plugged under the supervision of the Railroad Commission of Texas and in accordance with its rules and regulations, *in either event*, this judgment shall be deemed fully satisfied and of no further force and effect. *In default of the foregoing, at the expiration of six months from date of entry of this judgment, execution and writ of mandatory injunction may issue.*

(Emphasis added.) Bell failed to respond to the terms of the judgment. The mandatory injunction, although available to the State, was never pursued.

In November 1976, the State applied for execution of the civil-penalty aspect of the judgment in California, where Bell resided. In February 1977, Bell paid the State the civil penalty plus interest due under the judgment, in exchange for which payment he received a "release of judgment" executed by an assistant attorney general. The release reads in relevant part:

### RELEASE OF JUDGMENT

On May 6, 1975, Plaintiff, The State of Texas, recovered a judgment against J. Ralph Bell, Defendant, in the . . . District Court of Travis County, Texas. . . . Said judgment was for Five Thousand Dollars ($5,000.00), with interest. . . .

The State of Texas is the legal owner and holder of the above described judgment, and, in consideration of the payment of the judgment, debt, and interest, by J. Ralph Bell, the receipt of which is hereby acknowledged, the State of Texas, acting through its Attorney General . . ., hereby releases and discharges J. Ralph Bell *and declares the judgment fully paid and satisfied.*

(Emphasis added.)

In July 1984, the wells in question were plugged by the Commission at a cost of $5,908. In June 1985, the State brought this action against Bell under Tex.Nat.Res. Code Ann. § 89.083 (Supp.1987), seeking reimbursement for the plugging costs. As noted above, the trial court rendered judgment for the State. Bell now appeals.

In point of error one, Bell contends the State's claim for reimbursement was "merged" into the judgment in the earlier suit and that the claim is therefore barred by the doctrines of *res judicata* and collateral estoppel.

■ Broadly speaking, the doctrine of *res judicata* ("the matter has been decided") prevents a plaintiff from suing on a cause of action that already has been decided. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex.1984); *see* 5 Dorsaneo, *Texas Litigation Guide* § 131.06[4][a] (1986). The doctrine bars relitigation of all issues connected with a single cause of action which, with the use of diligence, *might* have been litigated as well as those which *actually* were litigated, on the theory that all such issues "merged" into the prior judgment. *Bonniwell v. Beech Aircraft Corp., supra.* The general policies underlying the doctrine include promotion of judicial economy and the stability of judgments; and the prevention of vexatious litigation, double recoveries, and inconsistent judgments. *Gilbert v. Fireside Enterprises, Inc.*, 611 S.W.2d 869 (Tex.Civ. App.1980, no writ); *see* Friedenthal, Kane & Miller, *Civil Procedure* § 14.3 (1985).

Because the rule of *res judicata* prevents reassertion of the *same* cause of action, the critical question is how to determine whether the subsequent suit is on the same or a different cause of action. *Griffin v. Holiday Inns of America*, 496

S.W.2d 535 (Tex.1973); *see* Steakley & Howell, *Ruminations on Res Judicata,* 28 Sw.L.J. 355, 360–363 (1974). According to one theory, there is but one cause of action when the same evidence will support both the first and second actions. *Clark's-Gamble, Inc. v. State,* 486 S.W.2d 840 (Tex.Civ. App.1972, writ ref. n.r.e.). A second theory, however, recognizes separate causes of action whenever it is clear that no decision in the second action would contradict the judgment in the first action. Friedenthal, *supra,* § 14.4. A third theory holds that if two actions arise from different statutes, then they usually will be distinguishable. *Id.* A fourth theory postulates loosely that the principal determinant is whether the additional facts supplied in the second action are so closely related to the fact situation in the first action as to justify consideration of the two situations as one operative unit. *Steakley & Howell, supra,* 362–363. Yet another theory would allow subsequent litigation even though involving the same basic facts so long as the policy considerations underlying *res judicata* are not offended. *Gilbert v. Fireside Enterprises, Inc., supra.*

■ We are persuaded that whatever theory is utilized, the State's present claim for reimbursement is distinguishable, for *res judicata* purposes, from the earlier claim for civil penalties and injunction. The two claims, although relating to the same property, arise from distinct statutes and operative facts.

■ Nor is the State's claim for reimbursement barred by collateral estoppel. The collateral estoppel doctrine holds that a final judgment determining an issue upon which the judgment necessarily rests in a first suit is conclusive in a second suit even though the second suit relates to a different matter. *Bonniwell v. Beech Aircraft Corp, supra; Houston Terminal Land Co. v. Westergreen,* 119 Tex. 204, 27 S.W.2d 526 (1930). Stated more simply, the original court's determination on specific issues is binding; any subsequent litigation between the parties, even on different claims, is limited solely to those issues presented for the first time. The notions underlying this rule are, again, that the finality of judgments must be preserved and that judicial economy demands that cases not be retried continually. *See Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

■ In the present claim, the State has not attempted to overturn any of the conclusions of law or findings of fact upon which the earlier judgment rests. The doctrine of collateral estoppel is therefore inapplicable. Point of error one is overruled.

In point of error two, Bell argues that the State's reimbursement claim is barred by the release executed in 1977. He argues that the release settled the Commission's claims against him *in toto* and relieved him of any obligation to plug the wells.

■ Texas Rev.Civ.Stat.Ann. art. 4411 (1976) provides that "[n]o admission, agreement or waiver, made by the Attorney General, in any action or suit in which the State is a party, shall prejudice the rights of the State." At the time the release was executed, there was no dispute as to the State's rights *vis-a-vis* Bell; that is, he was legally obligated under a final judgment to (1) pay the civil penalty of $5,000 plus interest and court costs, and (2) plug the two wells. Under article 4411, it was beyond the authority of the assistant attorney general to "settle" with Bell for less than that to which the State was clearly entitled, and assuming *arguendo* that that was his intent, his action was *ultra vires* and not binding on the State. *State v. Reagan County Purchasing Co.,* 186 S.W.2d 128 (Tex.Civ.App.1944, writ ref. w.o.m.). Point of error two is overruled.

Given our disposition of points of error one and two, there is no need to address point of error three.

The judgment of the trial court is affirmed.