**EXECUTIVE CONDOMINIUMS, INC., Appellant,**

v.

**The STATE of Texas and the General Land Office of the State of Texas, Appellees.**

**No. 13–88–174–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 26, 1989.

Rehearing Denied Feb. 23, 1989.

William L. Hubbard, Harlingen, for appellant.

Mary Ruth Holder, Asst. Atty. Gen., Austin, for appellees.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant, Executive Condominiums, Inc., brought this suit against appellees, the State of Texas and the General Land Office, to set aside a deed on the bases of fraud, duress, and lack of consideration. The trial court granted a summary judgment for the State, of which appellant now complains by three points of error. We affirm.

Executive Condominiums began construction of a condominium project on South Padre Island in 1978. Later that year, Assistant Attorney General Jose Uranga notified appellant that the location of the condominium project was in violation of the Open Beaches Act. He suggested that appellant postpone construction pending a judicial determination whether the location of the property violated the act.

Subsequently, the potential dispute was settled on the basis that appellant would convey a nearby piece of land to the State and the State would not interfere with construction on the site where it had begun. In order to effectuate the settlement, an action was filed by the State and an agreed judgment entered by a district court of Cameron County. Appellant was then permitted to build and sell its condominium project.

After doing so, appellant filed suit in 1980 against appellees, seeking to have the conveyance of land set aside. It alleged that the deed was obtained by fraud and duress and was not supported by consideration. The trial court ruled in favor of appellant, ordering that the Land Commissioner and General Land Office be divested of their title to the tract and that appellant be granted its "writ of possession." This Court reversed the trial court's judgment because the consent of the State to be sued had not been obtained. *State v. Executive Condominiums, Inc.*, 673 S.W.2d 330 (Tex. App.—Corpus Christi 1984, writ ref'd n.r. e.).

Subsequently, appellant sought and received permission to sue appellees pursuant to H.C.R. 1, signed June 8, 1985. Appellant filed suit on December 16, 1985, again alleging that the 1978 conveyance should be set aside because of fraud, duress, and lack of consideration. It was appellant's contention that it had no alternative other than to accept a settlement of the case "[b]ecause of the losses involved that were going to be incurred, had the project been shut down for a month."

■ The evidence before the trial court consisted of the statement of facts from the original trial which took place in 1982, and an affidavit by Neal Bonner, attorney for appellant, which accompanied appellant's response to the motion for summary judgment. We recognize that a statement of facts from a prior trial may properly be considered as summary judgment evidence. *Austin Building Co. v. National Union Fire Insurance Co.*, 432 S.W.2d 697, 698–99 (Tex.1968).

Appellant contends by its first point of error that the trial court erred in granting the summary judgment because a fact issue existed regarding fraud.

Tex.R.Civ.P. 166a(c) provides that a summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. A defendant seeking summary judgment need not negate each and every element of the plaintiff's cause of action; rather, it is sufficient if he is able to disprove at least one necessary element of the plaintiff's claim. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975); *Luna v. Daniel International Corp.*, 683 S.W.2d 800, 802 (Tex. App.—Corpus Christi 1984, no writ). However, the evidence offered as proof must be viewed in the light most favorable to the nonmovant. *Jorgensen v. Stuart Place Water Supply Corp.*, 676 S.W.2d 191, 193 (Tex.App.—Corpus Christi 1984, no writ).

Common-law fraud is established by showing that 1) a material representation was made; 2) it was false; 3) when the speaker made it, he knew it was false or made it recklessly without any knowledge

of its truth and as a positive assertion; 4) he made it with the intention that it should be acted upon by the party; 5) the party acted in reliance upon it; and 6) he suffered injury as a result. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex.1983).

Appellant alleged that appellees made two separate misrepresentations which were designed to fraudulently induce appellant into settling the dispute: that appellant's condominium project was being constructed in violation of the Open Beaches Act, and that appellees had informed appellant that the State could settle the dispute when, in fact, it had no authority to do so.

■ Under the Open Beaches Act, any structure that is erected seaward of the vegetation line is contrary to the public's unrestricted right to the beach and is subject to a lawsuit by the State to remove the structure. Tex.Nat.Res.Code Ann. § 61.018 (Vernon 1978).

Appellant contends that the condominium project was built in a location landward of any area intended by the legislature to be subject to a public easement and that the State's assertion or "representation" to the contrary was false. At issue is whether the State's representation may form a basis of an action in fraud.

■ Generally, fraud cannot be predicated on representations concerning matters of law because such representations are regarded as statements of opinion rather than fact. *Fina Supply, Inc. v. Abilene National Bank*, 726 S.W.2d 537, 540 (Tex. 1987); *Safety Casualty Co. v. McGee*, 133 Tex. 233, 127 S.W.2d 176, 177 (Comm'n App.1939, opinion adopted). The two exceptions to this general rule are where there is a relationship of trust and confidence between the parties, or where one party having superior knowledge takes advantage of another's ignorance of the law in order to deceive him. *Fina Supply, Inc.*, 726 S.W.2d at 540; *McGee*, 127 S.W. 2d at 178.

■ The record does not reflect that either of the above exceptions applies in the present case. The assertion that the condominium was being constructed partly on "open beach" reserved to the public was a legal position, although founded on facts that both parties had equal access to. As such it is not a representation that would form the basis of actionable fraud.

■ We now turn to the second allegation of fraud relating to the Attorney General's representations that the State had the authority to "negotiate away" the public's right of easement by settling the lawsuit, when in law the Attorney General had no such authority.

Appellant cites *Bell v. State*, 727 S.W.2d 806 (Tex.App.—Austin 1987, no writ) in support of the proposition that the State did not have the power to settle the dispute. In *Bell*, the Attorney General had obtained a judgment against Bell for civil penalties and an injunction ordering Bell to plug two abandoned oil wells. The Assistant Attorney General, in effect, settled the suit by signing a release after Bell paid the fine but before he plugged the wells. The State then plugged the wells and later sued Bell for reimbursement of plugging costs. The Court held that Tex.Rev.Civ.Stat.Ann. art. 4411 (now codified as Tex.Gov't Code Ann. § 402.004) prevented the Attorney General from settling with Bell for less than that to which the State was clearly entitled as a result of the judgment. *Bell*, 727 S.W.2d at 809.

Tex.Gov't Code Ann. § 402.004 (Vernon Pamph.1988) states that "an admission, agreement, or waiver made by the attorney general in an action or suit to which the State is a party does not prejudice the rights of the State." In the instant case, the rights of the State were not predefined by a judgment, and there was no representation by the Attorney General that he could accept less than entitled under an extant judgment. Appellant has cited no authority for the proposition that the Attorney General may not compromise and settle claims by agreed judgment on behalf of the State. We hold, therefore, that it was not beyond the authority of the State to settle the dispute by agreed judgment.

Having found that no material fact issues regarding fraud were raised at the

summary judgment hearing, we overrule point of error one.

Appellant asserts by his second point that the trial court erred in entering the summary judgment because a fact issue regarding duress existed. Appellant specifically argues that appellees' "threat to seek an injunction and carry the matter to the appellate courts" constituted duress.

There can be no duress under Texas law unless there is a threat to do an act which the threatening party has no right to do, coupled with fraud or deception, such that the free will of the threatened party is destroyed. *Laughlin v. Federal Deposit Insurance Corp.*, 657 S.W.2d 477, 481 (Tex.App.—Tyler 1983, no writ); *see also Ulmer v. Ulmer*, 139 Tex. 326, 162 S.W.2d 944, 947 (1942). The Attorney General clearly has a duty to enforce the Open Beaches Act and to prevent encroachments upon the public's rights to the beach. *See* Tex.Nat.Res.Code Ann. § 61.018 (Vernon 1978).

Furthermore, a threat to institute a civil suit or even the actual institution of a suit for the purpose of enforcing a legal right does not, as a matter of law, constitute duress. *Continental Casualty Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex.1987); *Cleburne State Bank v. Ezell*, 78 S.W.2d 297, 299 (Tex.Civ.App.—Waco 1934, writ dism'd) (bank's threat to sue, in absence of personal restraint or threat of violence, held not "duress" which would invalidate a settlement agreement). We overrule point two.

Appellant's third point of error alleges the existence of a fact issue concerning lack of consideration. In this point, appellant argues that appellees' purported consideration for the conveyed property— the granting of permission to build on the public easement—was worthless because appellant's condominiums did not, in fact, encroach on the easement.

Regardless of whether appellant actually constructed its condominium project on the "open beach," appellee's forebearance to sue on its claim constitutes sufficient consideration for the conveyance of land in question. *See Leonard v. Texaco, Inc.*, 422 S.W.2d 160, 165 (Tex.1976); *Hunter v. Lanius*, 82 Tex. 677, 18 S.W. 201, 205 (1892); *Ezell*, 78 S.W.2d at 299.

The judgment of the trial court is AFFIRMED.