ACCEPTED
04-15-00286-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/5/2015 2:47:51 PM
KEITH HOTTLE
CLERK

**No. 04-15-00286-CV**

---

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS-
SAn Antonio, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
08/05/15 2:47:51 PM
KEITH E. HOTTLE
Clerk

---

CITY OF SAN ANTONIO, ACTING BY AND THROUGH CITY PUBLIC SERVICE
BOARD ("CPS ENERGY"),

Appellant,

v.

TOMMY HARRAL CONSTRUCTION, INC.,

Appellee.

---

Appeal from the County Court at Law Court No. 2 of Bexar County
(Honorable Jason Wolff, Presiding)

---

**AMENDED BRIEF OF APPELLEE**

---

M. Chad Williams
State Bar No. 24072425
willm161@nationwide.com
Law Office of Mark E. Macias
1100 N.W. Loop 410, Suite 370
San Antonio, Texas 78213
(210) 949-0166
(855) 949-1338 Fax


ATTORNEY FOR APPELLEE
TOMMY HARRAL CONSTRUCTION
INC.

1

## IDENTITY OF PARTIES AND COUNSEL

1.      Appellant/Plaintiff in the trial court:

        City of San Antonio, acting by and through City Public Service Board ("CPS Energy")

2.      Counsel for Appellant:

        Matthew E. Vandenberg
        Melodee L. Gruber
        Jeffrey T. Harvey
        JACKSON WALKER L.L.P.
        112 E. Pecan Street, Suite 2400 San
        Antonio, Texas 78205

3.      Appellees/Defendants in trial court: Tommy

        Harral Construction, Inc.

4.      Counsel for Appellee:

        M. Chad Williams
        LAW OFFICE OF MARK E. MACIAS 1100
        Northwest Loop 410, Suite 370 San Antonio,
        Texas 78213-2200

## RECORD CITATIONS

For the ease of reference, citations to the Clerk's Record will be [R at page number] and citations to the Clerk's Supplemental Record will be [SR at page number].

## Contents

IDENTITY OF PARTIES AND COUNSEL ................................................................... 2

RECORD CITATIONS ............................................................................................. 2

TABLE OF AUTHORITIES ....................................................................................... 4

STATEMENT OF THE CASE ..................................................................................... 5

STATEMENT REGARDING ORAL ARGUMENT ........................................................ 6

APPELLANT'S ISSUE PRESENTED ......................................................................... 6

APPELLEE'S RESPONSE TO APPELLANT'S ISSUE PRESENTED ............................ 6

STATEMENT OF FACTS .......................................................................................... 7

STANDARD OF REVIEW ......................................................................................... 7

ARGUMENT ........................................................................................................... 8

CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*F.F.P. Operating Partners L.P. v. Duenez*,
  237 S.W.3d 680 (Tex. 2007) ........................................................................7

*First Am. Title Ins. Co. v. Combs*,
  258 S.W.3d 627 (Tex. 2008) ........................................................................7

*R.R. Comm'n of Tex. v. Tex. Citizens for Safe Future & Clean Water*,
  336 S.W.3d 619 (Tex. 2011) ........................................................................7

*Clark's-Gamble, Inc. v. State*,
  *486 S.W.2d 840, 845* (Tex. Civ. App. – Amarillo 1972, writ ref'd n.r.e.) ...................9


STATUTES

Tex. Util. Code § 251.002 ...........................................................................10

Tex. Util. Code § 251.151...........................................................................10

Tex. Util. Code § 251.157............................................................................8

# STATEMENT OF THE CASE

*The Underlying Proceeding:* This lawsuit was initiated by Appellant City of San Antonio, acting by and through City Public Service Board ("CPS Energy"), against Tommy Harral Construction, Inc. ("Harral") to recover for damages to CPS Energy facilities and equipment caused by alleged Harral's negligence while excavating. [R at 37–40].

*The Course of the Proceedings*: CPS Energy moved for summary judgment against Harral under the Texas Utilities Code because it damaged CPS Energy property while excavating and allegedly had not properly requested location of underground property prior to digging. [R at 9–30]. This motion was granted, and then the summary judgment was reversed by the trial court upon Appellee's Motion for New Trial. [R at 4–7]. After this reversal, CPS Energy filed its First Amended Petition seeking declaratory relief concerning interpretation of an excavator's obligations under the Texas Utilities Code and moved for partial summary judgment on that issue. [R at 37–40]. When that partial summary judgment was denied, this appeal ensued. [R at 58–60].

*Trial Court's Disposition From Which Relief is Sought*: On April 23, 2015, Judge Jason Wolff signed the First Amended Order Denying Plaintiff's Motion for Partial Summary Judgment (the "Order"). (App. A). [R at 58–60]. It is this interlocutory Order that CPS Energy appeals.

*Permissive Appeal of Interlocutory Order Granted by This Court:* On May 27, 2015, this Court granted CPS Energy's Petition for Permission to Appeal from an Interlocutory Order. [R at 64].

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

## APPELLANT'S ISSUE PRESENTED

The Texas Utilities Code requires that "any person who excavates or intends to excavate" must comply with certain notice requirements prior to excavating. In light of the applicable definition of "person" from the Government Code, did the trial court err in ruling that, as a matter of law, the excavation notice of a general contractor satisfies the notification requirement of a subcontractor that is an entity separate and apart from the contractor?

## APPELLEE'S RESPONSE TO APPELLANT'S ISSUE PRESENTED

1. **The trial court did not err in ruling that, as a matter if law, the excavation notice of a general contractor satisfies the notification requirement of a subcontractor because there is contractual privity between the general contractor and the subcontractor that allows the subcontractor to rely on the general contractor's satisfaction of the notice obligation.**

## STATEMENT OF FACTS

On April 9, 2008, while excavating as part of a construction project related to the Vistana Apartment Complex, an employee of Tommy Harral Construction, Inc. caused damage to underground equipment owned by CPS Energy. [SR at 29 – 31].

An employee of RTM Construction Co., Inc., the general contractor of the project where the excavation took place, timely provided notification of its intention to excavate. [SR 25 – 26 and SR 73 – 11].

## STANDARD OF REVIEW

The Order at the center of this appeal is a denial of a declaratory summary judgment premised on interpretation of the duties of excavators under Section 251 of the Texas Utilities Code. Because the construction of a statute is a question of law, this Court reviews the Order de novo. R.R. Comm'n of Tex. v. Tex. Citizens for Safe Future & Clean Water, 336 S.W.3d 619, 624 (Tex. 2011) ("The construction of a statute is a question of law we review de novo."); see also First Am. Title Ins. Co. v. Combs, 258 S.W.3d 627, 631 (Tex. 2008); F.F.P. Operating Partners L.P. v. Duenez, 237 S.W.3d 680, 683 (Tex. 2007).

# ARGUMENT

Appellant states that The Utilities Code expressly provides guidance and definitions concerning pre-dig obligations of excavators and mandates that those who use equipment to dig or excavate a site provide notice within a specified period before digging. If such notice is given, the statute shields the excavator from liability for damages caused in the course of the excavation. On the other hand, if notice is not given, there is no such immunity from liability and the owner of the underground property has a claim for damages caused by the excavation. Tex. Util. Code § 251.157(d).

Appellant argues that the scope of those who can provide the statutorily mandated notice beyond the individual or entity that actually performs the excavation not only runs afoul of the provisions of the Utilities Code but also interjects uncertainty and risk to underground property owners and excavators alike. Appellee respectfully disagrees.

Appellant argues that the safest result is to place the responsibility of compliance with the notification process with the "person" (as defined by the Code Construction Act) that will dig. Appellant goes to state that in each instance, before digging, an employee can check with his employer who will know whether that employer has provided notice or not. Because that employer will bear the risk of noncompliance (both via liability to the property owner and to the employee in the event of injury), there is a greater incentive for compliance.

Appellee argues that because a general contractor company had satisfied the notice obligations of the Utilities Code, Appellee was not under any obligation to provide

8

independent notice. [SR 25 – 26 and SR 73 – 11]. In support of this argument, Appellee reasons that, because "a person" intending to excavate had provided notice, the statute's requirements had been satisfied because there is contractual privity between the general contractor and the subcontractor that allows the subcontractor to rely on the general contractor's satisfaction of the notice obligation. Furthermore, in the instant situation the general contractor would be considered the principal and the subcontractor its agent and the subcontractor acted on express authority from the general contractor. Express authority arises from the principal's agreement that the agent act on the principal's behalf and for his benefit. *Clark's-Gamble, Inc. v. State, 486 S.W.2d 840, 845* (Tex. Civ. App. – Amarillo 1972, writ ref'd n.r.e.). Subcontractors are hired to do specific jobs and/or tasks. When they are hired to do certain jobs and/or tasks, subcontractors rely and depend on their general contractor to provide certain services. In the instant case the general contractor (RTM Construction Co., Inc.) timely requested and provided "dig notifications" of its intention to excavate for the purpose of the work being done under the contract between Appellee/Tommy Harral Construction, Inc. and RTM Construction Co., Inc. [SR 25 – 26 and SR 73 – 11], and thereafter Appellee/Tommy Harral Construction, Inc. justifiably relied on this fact, along with the assertions of a CPS crew that was on the job site at the time, that told Appellee/Tommy Harral Construction, Inc. that CPS had no electric lines in the area where the work was being done.

Furthermore, the general contractor hired Appellee and clearly would also have intended to have the site excavated, making the general contractor an "excavator" for purposes of notifying prior to a dig under the Texas Utilities and Administrative Code.

9

Tex. Util. Code § 251.151(a) and Tex. Util. Code § 251.002(5), (6). Accordingly, Appellant is asserting incorrectly that the party actually conducting the digging is the sole party responsible for notifications prior to digging work.

## CONCLUSION

Appellee, Tommy Harral Construction, Inc., respectfully prays that this Court AFFIRM the trial court's Order denying Appellant, CPS Energy's Motion for Partial Summary Judgment and to remand this cause to the trial court for further proceedings consistent with the Court's ruling. Appellee, Tommy Harral Construction, Inc. further prays that this Court grant it such other and further relief, both general and special, at law or in equity, to which it is justly entitled.

Respectfully submitted,

LAW OFFICES OF MARK E. MACIAS
/s/ M. Chad Williams
State Bar No. 24072725
willm161@nationwide.com
1100 N.W. Loop 410, Suite 370
San Antonio, Texas 78213
(210) 949-0166
(855) 949-1338 – Fax
ATTORNEY FOR APPELLEE

10

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2010 and contains 1238 words, as determined by the computer's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ M. Chad Williams
M. Chad Williams

## CERTIFICATE OF SERVICE

I certify that on August 5, 2015, I served a copy of the foregoing Amended Brief of Appellee on the party listed below by electronic service and that the electronic transmission was reported as complete. My e-mail address is willm161@nationwide.com.

Counsel for Appellant
Matthew E. Vandenberg
Melodee L. Gruber
Jackson Walker, L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205

/s/ M. Chad Williams
M. Chad Williams